*Paddock* and *Cushman*, for appellee.
*Bigelow* and *Fletcher*, for appellants.

## DANIEL BULLARD vs. LUTHER BILLINGS.

That, if A possess a waggon for two or three years, using it as his own; evidence of this is proper to be left to the jury, on the question of his ownership.

If the waggon was in possession of A as a pledge, he might convey such title as he had in the waggon.

That any statements of A, made after he has parted with his interest in the property, are not evidence against his vendee or any after purchaser.

This was an action of *trespass* for a waggon, brought before a justice of the peace, and appealed to the county court; and there tried, and exceptions taken to decisions of the court, upon which the action was removed to this court.

ORLEANS,
July,
1829.

Bullard
vs.
Billings.

It appears, by the case allowed, that there was testimony addu-
ced on trial tending to show, that the defendant brought with him
the waggon in question into *Hydepark*, and there used it as his
own several years. After which it went into the possession of
one *Dodge*, who used it as his own two or three years ; when he
sold it to one *Sawyer*—that *Sawyer* sold it to one *Noyes*, who
sold it to the plaintiff—that the plaintiff had it in his possession af-
ter his purchase, and the defendant came in the night and took it
away and hid it—That no evidence was offered tending to show,
that *Sawyer*, *Noyes*, or *Bullard* ever knew but that *Dodge* was
the sole and legitimate owner of the waggon. There was evi-
dence tending to show that *Dodge*, at some time stated that he
received the waggon as a pledge. But, whether he made this
statement before or after his transfer to *Sawyer*, did not appear.
Nor was there any other testimony showing the nature of the
pledge, or the amount secured by it.

Evidence was given tending to prove that *Dodge*, subsequently
to the transfer of the waggon to *Sawyer*, had instituted a suit against
*Billings* for becoming back bail, and recovered the amount;
and that the execution was levied on land of a doubtful title.
Upon this evidence the court were requested to charge the jury,
that if said waggon was transferred to *Sawyer*, without notice of a
pledge, that *Dodge* having the apparent ownership, the sale was
a valid one. The court were also requested to charge, that if
*Dodge* held said waggon, using it as his own, it was *prima facie*
evidence of ownership ; and it was incumbent on the defendant
to produce evidence of the notice of the deposite, in order to re-
cover the property against a *bona fide* purchaser without notice.
But the court did not so charge the jury, but instructed them that,
if they found the waggon was placed in the hands of *Dodge* as a
pledge, and was not sold to him, in such case, *Dodge* had not such
an interest in the waggon as would enable him to make a valid
sale of it to another : and, if he did sell and dispose of it, and
part with the possession, that *Billings* would have a right to re-
possess himself of it wherever he could find it, if he could do it
without force or violence. And if he found it in plaintiff's door-
yard, or in the highway, he might take and remove it, and, in that
case, they would find a verdict for the defendant. But if they
found *Billings* did make an absolute sale of the waggon to *Dodge*,
or authorise him to sell it, or had stood by and seen him sell it,
without asserting his claim, then they would return a verdict for
the plaintiff. But the fact of *Dodge's* using the waggon was not
sufficient evidence of the sale, as the use might be consistent
with the terms of the pledge.

ORLEANS.
*July,*
1829.

Bullard
*vs.*
Billings.

*Argument for the plaintiff.*—The case discloses, that *Dodge* had stated, that this was a pledge ; but whether before or after the sale to *Sawyer*, was not in evidence. And this was the only evidence given on that point. We contend that *Dodge*, the pledgee, could not make any statement concerning a pledge, so as to affect the plaintiff, subsequent to the sale to *Sawyer ;* and that it must appear most clear that it was subsequent ; or it was improperly admitted. And no evidence was offered of a pledge ; and the court ought to have directed the jury to find for the plaintiff for want of evidence.

The property had been two or three years in *Dodge's* possession, and he used it as his own ; and, for aught appears, it was so considered. And he so used it, that every person had good right to suppose it his. From the whole case, his possession was such that there was *prima facie* evidence of ownership ; and it did throw the burden on him, defendant, to make out a clear case of property. The waggon had passed through the hands of four persons, three of them, at least, *bona fide* purchasers, and was out of *Billings'* possession about four years, and no attempt made to reclaim it, until he took it clandestinely and hid it, as stated in the bill of exceptions. Although living, all this time, in the immediate vicinity, no evidence was offered by the defendant tending to show that *Noyes*, *Sawyer*, or *Bullard*, had the least notice of a pledge, or, that *Dodge* was not the sole and legitimate owner of said property.

We insist that the court ought to have charged as requested ; and that the charge given was incorrect. We contend, that one person entrusting property to another, upon any terms of a contract, gives him the right to sell, though the property cannot be taken for the bailee's debts. Of two innocent persons, one or the other must suffer, or be injured ; and the person having the fairest opportunity to know, and who gives the trust to the bailee, ought to be the one. But here was not a shadow of legal testimony to show any pledge : for, when it was only proved that the witness could not tell whether before or after the sale to *Sawyer*, it was no better than if the witness testified that it was after.

We contend, even if this had been known to the purchasers, that if a pledge, and the condition upon which the same was placed there was broken, *Dodge* had a right to sell. *Montagu on Liens*, 24.

It is contended, that the vendee, at least, had all the right of the pledgee in the property.

*Argument for the defendant.*—The question raised by this bill

ORLEANS,
*July,*
1829.

Bullard
*vs.*
Billings.

of exceptions is, whether the pledgee has such an interest in the pawn, as will enable him to transfer the title so as to divest the pledgor of his right?

A lien does not give the right to sell, nor to use, if the use is injurious or impairs the value of the property. Parting with the possession is a waiver of the *lien.* *Lien* is a *personal* right, and terminates with the possession. *Mont. on Lien,* 23, 24, 8, *App.* 1, 12.—2 *Aik. Rep.* 117.—4 *Johns.* 112.—15 *Mass.* 396.— Bare possession does not give the right of transfering the property, as a man can convey no more than his own interest.

The case shows the pledge, and also the fulfilment of the object for which the pledge was given previous to the transfer from *Dodge* to *Noyes* and *Sawyer.* All the right, then, that the pledgee had, was gone ; he had the possession only, upon which to predicate his right of transfer : for the jury found there had been no sale from defendant to pledgee.

The plaintiff's title in this case is attempted to be derived from defendant through the pledgee, *Noyes* and *Sawyer* to plaintiff. In making out a derivative title, no more can be derived than what the vendor had a right to convey ; which would be limited to his interest.

HUTCHINSON, J. delivered the opinion of the Court.—The plaintiff claims to recover the value of a waggon, his title to which is derived from one *Dodge.* The defendant denies that *Dodge* had any title, or, if any, not any except by a pledge to him by defendant.

It is correctly urged by the plaintiff's counsel, that, what *Dodge* has said, since he parted with his right, can be no evidence of a pledge, as against his vendee or the plaintiff, who holds under him. And, as the period of his statements was uncertain, the jury ought to have been instructed wholly to disregard them, unless they could understand, from some circumstance, that those statements were made before he sold the waggon to *Sawyer.*

The defendant also contended that *Dodge* had collected his demand for which this waggon was pledged. The case shows, that there was testimony tending to prove, that *Dodge,* subsequently to his sale to *Sawyer,* had instituted a suit upon his claim ; had recovered judgment and levied his execution upon lands of which the title was doubtful. If this title fails, his debt is not paid. What will be the result, is yet uncertain, according to that testimony. And the defendant, if he contends that he delivered the property to *Dodge* as a pledge, and that his right is restored by redemption of the pledge, must show that satisfactorily. It may

ORLEANS,
July,
1829.

Bullard
vs.
Billings.

be that the sum was many times as large as the value of the waggon ; and the object of *Dodge's* suit might have been to recover the balance.   What testimony there is about the pledge leaves all so dark, it is not probable the jury could have found any pledge, or, if any, found nothing of its nature.

But the charge of the court was, that if they found a pledge, that would create in *Dodge* no interest, that would enable him to make a valid sale.   This we deem incorrect.   We see no reason why he could not convey the same interest he, himself, had.   It is true, the terms of a.pledge may be varied to any extent, as the parties shall agree.  But the defendant has not shown what were the terms of the pledge he contends for : of course, he was not entitled to the charge given upon this point.

The court, also, after charging the jury, that, if *Billings* had sold the waggon to *Dodge*, the plaintiff must recover, instructed them, that the fact, of *Dodge's* possession and use of the waggon, was not sufficient to show a sale.   This probably means sufficient in kind.   We think this should have been left to the jury as proper evidence in proving the fact of an actual sale.   They, to be sure, must weigh this in connection with the other circumstances in the case.   If the proof convinced them, that, when the defendant had used the waggon several years, it passed into the possession of *Dodge*, and he used it as his own two or three years, the defendant being a near neighbour, and never being known to pretend any right to the waggon during that time, and nothing appeared to rebut this, they might infer a sale.   But proof that *Dodge* did not claim to be owner, or that the defendant claimed that he had only lent the waggon during the time that *Dodge* was using it—that would diminish the weight of testimony, and might produce a different verdict.   The case of *Moon* vs. *Hawkes*, reported in 2d of *Aikens*, is full to this point.   It seems this part of the charge cannot be supported.

Let there be. a new trial, and let the cause pass to the county court for that purpose.

*Sawyer*, for plaintiff.

*Young* and *Mason*, for defendant.