Leland *v.* Farnham.

CHARLES LELAND *v.* AMARIAH L. FARNHAM.

*Assumpsit. Evidence.*

It is the legal presumption, that a note which has been endorsed, was endorsed while current, unless there is evidence to show the time that it was endorsed; and the admissions made by one, after he is supposed to have parted with the note, are not admissible in evidence.

ASSUMPSIT for money had and received. Plea, general issue, and trial by jury.

The plaintiff offered in evidence a note dated May 19, 1845, for the sum of $67 39, payable on demand, with interest, signed by the defendant, and payable to the defendant's order, on the back of which was the defendant's name endorsed in blank, and also an endorsement of five dollars, July 12, 1845.

The plaintiff proved the signature and endorsement of the note to be in the hand writing of the defendant.

The defendant then offered evidence tending to prove, that the said note was executed by the defendant to one Albert Herbert, of Concord, New Hampshire, and that about the time of the commencement of this suit, the note was in the hands of one Burnham, who claimed to be the owner of the same ; but there was no evidence in the case, tending to show at what time said note was negotiated by said Herbert.

The defendant then offered a witness to prove, that in October, 1845, at Concord, New Hampshire, said Herbert stated that the defendant had traded with him, to the amount of five hundred dollars, and had paid him up, and that defendant was good. The plaintiff objected to this evidence, and the same was excluded by the court.

To which decision the defendant excepted.

The jury returned a verdict for plaintiff.

*J. D. Stoddard* and *Geo. C. Cahoon* for defendant.

Did the court err in excluding the testimony ? Was the testimony pertinent for the purpose for which it was offered ?

We think it was, and that it would tend to establish the fact of payment, and in connection with other matter, which might have

· XXV. 36

been offered, would have produced conviction, on the minds of the jury, of the truth and sincerity of the defendant's position.

It may be pretended that Herbert was a competent witness, and hence his sayings are not to be given in evidence. The case shows him to be *the party contracting*, and beneficially interested in the event of the suit; and being so, a well known rule prevails, that he cannot testify, and being the possessor and owner, at the time of the *res questa*, and making the admissions against his interest, and the note being overdue, and dishonored, the defendant is to have the benefit of the transaction as it was, and no lapse of time is to throw a halo around it, to benefit raw recruits, to the prejudice of the fixed rights of the original parties.

The plaintiff had nothing to do with the note, until about the time of the commencement of this suit, so that as it regards him, said note was some six or seven years over due ; a sufficient length of time, in connection with said offer, for the court to presume the payment, as affirmed by defendant and sustained by his offer, which was excluded by the court.

*S. W. Slade* for plaintiff.

1. The presumption is that Herbert is living, and as he is a competent witness for defendant, his admissions cannot be proved. 10 N. H. 400. 8 N. H. 334.

2. In a suit by the endorsee of the note against the maker, the presumption is, that the note was negotiated at its date, or at least, while current, and the *onus* is upon the maker, and not upon the holder to show it otherwise. *Nelson* v. *Corning et al.*, 6 Hill 336. Chitty on Bills 651.

3. Admissions made by Herbert, after he had parted with the note, are of no more importance, than those of any other stranger, especially as he assigns the note, by mere delivery, and if responsible at all, he is so, to no one but his immediate assignee, and then not on the note. 1 Greenleaf's Evidence 223. Chitty on Bills 270.

The questions arising in this case, were fully settled in the case of *Washburn et al.* v. *Washburn et al.*, 17 Vt. 299.

The opinion of the court was delivered by

BENNETT, J. There is but a single question arising in this bill of exceptions.

The defendant's evidence tended to show, that the note was exe-cuted by the defendant to one Albert Herbert, payable to the defendant's own order. The note was payable on demand; and the evidence offered and rejected were the declarations of Herbert made some five months after the date of the note. There was no evidence to show that the note was then in the hands of Herbert, or at what time it was endorsed by him.

The legal presumption is, that the note was endorsed while cur-. rent, unless evidence is given showing the time. Herbert's admissions then, made after he is supposed to have parted with the note, were properly rejected.

The judgment of the County Court is affirmed.