FEBRUARY TERM, 1892. 571

Conn. River Savings Bank *v.* Admr. of Estate of Samuel Albee.

# WINDHAM COUNTY.

## FEBRUARY TERM, 1892.

Present: Ross, Ch. J., Tyler, Munson and Thompson, J. J.

## CONN. RIVER SAVINGS BANK *v.* CHARLES P. ALBEE AND HENRY C. LANE, ADMR. OF ESTATE OF SAMUEL ALBEE.

*Voluntary trust. Deposit in bank to credit of another. Declarations.*

1. The owner of property may create in himself a voluntary trust in respect thereto by any act or declaration which unequivocally shows that he holds such property in trust for the beneficiary.

2. It is not necessary that the beneficiary should know of or assent to such trust.

3. When a voluntary trust has once been perfected it cannot be revoked or altered by the donor, unless this right was reserved by the terms of its creation.

4. A father deposited in a savings bank a sum of money to the credit of his son, and received a deposit book in which the son was named as the depositor and he himself as trustee. The son did not know of the deposit and the father kept the book among his papers until his death. *Held,* that a voluntary trust was thereby created in favor of the son, unless some fact or declaration appeared to show a contrary intent.

5. That the father made the deposit in the name of the son to escape taxation is not such a fact.

6. Declarations of the father made after the deposit that the money was still his are inadmissible.

7. But his declarations that the deposit was for the benefit of his son are.

Bill of interpleader. Heard upon the pleadings and master's report at the September term, 1891. Rowell, chancellor, decreed that the orator be dismissed with its costs upon payment of the fund into court; that the fund belonged to the defendant, Charles P. Albee, and that he recover his costs of the defendant, Henry C. Lane. The defendant Lane appeals.

The orator is a savings bank located in Charlestown in the State of New Hampshire. In 1878 Samuel Albee, residing in Rockingham in the State of Vermont, had on deposit in said savings bank, something more than $3,000. On the 6th day of December of that year the treasurer of the bank wrote Mr. Albee to the effect that under the law as it then stood, all deposits of more than $2,000 in amount would be taxed against the depositor, and suggested that he might escape the payment of that tax by transferring a portion of the deposit, which then stood in his name, to the name of some other person. Upon the 12th day of December Albee went to the bank, drew from his deposit therein the sum of $1,600, and deposited the amount so withdrawn in the name of his son, Charles P. Albee, Samuel Albee, trustee. At the time of this transaction he informed the treasurer of the bank that he made the transfer for the purpose of avoiding taxation. Samuel Albee received at this time from the bank a deposit book which contained the following entries : · "No. 5362. Charles P. Albee of Rockingham, Vermont, in account with Connecticut River Savings Bank ," " Connecticut River Savings Bank in account with Charles P. Albee, Samuel Albee trustee."

This deposit book Samuel Albee took home and placed among his private papers where he kept the same until the time of his death. To the amount so deposited he added several other deposits, and from that amount withdrew at different times various sums. After his death the book was found among the

papers of the said Samuel Albee, and Charles P. Albee, who was then present, at first made no claim to it.

Subsequently the defendant, Henry C. Lane, was appointed administrator of the estate of Samuel Albee and as such took the deposit book into his custody ; whereupon the defendant, Charles P. Albee, immediately demanded the same of the administrator, claiming to own it.

Charles S. Albee, a son of the defendant Charles P., testified that at some time previous to the death of his grandfather he overheard a conversation between Samuel Albee and his father in which Samuel said : " I have just been over to Charlestown and made a deposit in the bank there in your name for you, Charles." This evidence was received subject to the objection and exception of the defendant Lane.

Ruth McQuaid, Simon Albee and Harry Albee testified that Samuel Albee had told them at various times in his life time that the money so deposited by him in the name of Charles P. Albee was his money as much as any money he had, and that the same was under his control. This testimony was admitted subject to the objection and exception of the defendant, Charles P. Albee, and from it the master found in his supplemental report, that the said deposit was made by Samuel Albee for the purpose of avoiding taxation, and that he intended to keep said money so deposited by him as his own money without abandoning the ownership or control thereof.

*George A. Weston* and *Gilbert A. Davis*, for the defendant Lane.

1. The transaction having been in New Hampshire, the law of that state must govern. Sto. Conf. Laws, s. 362, *passim*.

2. By that law the intention is a question of fact to be found by the trier of fact. *Blaisdell* v. *Locke*, 52 N. H. 238 ; *Marcy* v. *Amazeen*, 61 N. H. 131 ; *Smith, Admr.* v. *Ossipee Valley Ten Cent Savings Bank*, (Decided in New Hampshire, March 11, 1887.)

3. The same is true of the law in Vermont. *Sargent* v. *Baldwin*, 60 Vt. 17; *Tillotson* v. *Prichard*, 60 Vt. 95; *Barber* v. *Thompson*, 49 Vt. 213; *Pope* v. *Savings Bank*, 56 Vt. 584; *Taylor* v. *Henry*, 48 Md. 550; *Miner* v. *Rogers*, 40 Conn. 512.

4. There must have been an acceptance of the gift. *Maynard* v. *Maynard*, 10 Mass. 456; *Samson* v. *Thornton*, 3 Md. 275; *Chase* v. *Breed*, 5 Gray 440.

5. The mere fact of a deposit in the name of a third person will not create a trust for the benefit of that person. *Clark* v. *Clark*, 108 Mass. 582; *Broderick* v. *Waltham Savings Bank*, 109 Mass. 149; *Powers* v. *Providence Institution for Savings*, 124 Mass. 377; *Cummings* v. *Bramhall*, 120 Mass. 522; *Eastman,* v. *Woronoco Savings Bank*, 136 Mass. 208.

*Waterman, Martin & Hitt*, for the defendant, Albee.

This was a perfected voluntary trust. *Barber, Admr.* v. *Thompson*, 49 Vt. 213; Hill Trustees, 100; *Howard* v. *Savings Bank*, 40 Vt. 597; 1 Perry Trusts, ss. 98, 104; *Barker* v. *Frye*, 75 Me. 29; *Sargent* v. *Baldwin*, 60 Vt. 17; *In re* Gaffney's Estate, 23 Atl. Rep. 163; *Martin* v. *Funk*, 75 N. Y. 134; *Ellison* v. *Ellison*, 6 Ves. 656.

Evidence of the donor's declarations after the making of the deposit was inadmissible. *Bullard* v. *Billings*, 2 Vt. 309; *Edgell* v. *Bennett*, 7 Vt. 534; *Hough* v. *Barton*, 20 Vt. 455; *Halloran* v. *Whitcomb*, 43 Vt. 306; *Loland* v. *Fanham*, 25 Vt. 553; *Ross* v. *White*, 60 Vt. 558; *Brackett* v. *Wait*, 6 Vt. 411; *Sargent* v. *Sargent*, 18 Vt. 371; *Hackett* v. *Amsden*, 59 Vt. 553; *Washburn* v. *Ramsdell*, 17 Vt. 299; *Haywood Rubber Co.* v. *Dunklee*, 30 Vt. 29.

The opinion of the court was delivered by

THOMPSON, J. 1. A completed trust, although voluntary, is valid and may be enforced in equity. It is not essential to its validity that the beneficiary should have had notice of its creation

or have assented to it. The owner and donor of personal property may create a perfect, or complete trust, by his unequivocal declaration in writing or by parol, that he himself holds such property in trust for the purposes named. The trust is equally valid whether he constitutes himself, or another person, the trustee. " He need not in express terms declare himself trustee, but he must do something equivalent to it, and use expressions which have that meaning." The act creating the trust must be consummated and not rest in mere intention. "It must appear from written or oral declarations, from the nature of the transaction, the relation of the parties and the purpose of the gift, that the fiduciary relation is completely established." This is the rule whether the donor makes himself or another person the trustee. If he constitutes himself trustee it is not necessary as between himself and the beneficiary, that he should part with the possession of the trust property. " If the donor retains the legal title but effectually declares himself a trustee for the donee, thus clothing the donee with the beneficial estate, the gift is valid although voluntary; the donee's rights are perfect and equity will enforce them against the donor, and all persons claiming under him as volunteers." The trust once created cannot be revoked by the donor, unless the power of revocation is reserved by the donor, when he created it. "A voluntary trust which is still executory, incomplete, imperfect or promissory, will neither be enforced nor aided." " If the intention is to make such a transfer as would constitute a gift, but the transaction is imperfect for this purpose, the court will not hold the intended transfer to operate as a declaration of trust; ' for then every imperfect instrument would be made effectual by being converted into a perfect trust.' "

Such is the general doctrine in regard to voluntary trusts as laid down by elementary writers on the subject, and as enunciated by the courts in the best considered and leading cases in which it has been discussed. 2 Pomeroy's Eq. Juris. (1st Ed.) ss.

996, 997, 998; Perry Tr. (1st Ed.) ss. 96, 97, 98, 99, 104, 105; Adams' Eq. (6th Am. Ed.) 194; *ex parte* Pye, 18 Ves., Jr., 149; *Milroy* v. *Lord*, 4 De G., F. &. J. 264; *Kekewich* v. *Manning*, 1 De G., M. & G. 176; *Ellison* v. *Ellison*, 1 Lead. Cas. Eq. (3d Am. Ed.) 297 and notes; *Richards* v. *Delbridge*, L. R. 18 Eq. 11; *Heartley* v. *Nicholson*, L. R. 19 Eq. 233; S. C. 11 Eng. Repts. (Moak's notes) 816; *Jones* v. *Lock*, L. R. 1 Ch. 25; *Martin* v. *Funk*, 75 N. Y. 134; S. C. 31 Am. Rep. 446; *Young* v. *Young*, 80 N. Y. 422, S. C. 36 Am. Rep. 634; Est. of Webb, 49 Cal. 541; *Stone* v. *Hackett*, 12 Gray 227; *Urann* v. *Coates*, 109 Mass. 581; *Gerrish* v. *Bank*, 128 Mass. 159; *Ray* v. *Simmons*, 11 R. I. 266, S. C. 23 Am. Rep. 44 and note; *Minor* v. *Rogers*, 40 Conn. 512; S. C. 16 Am. Rep. 69; *Taylor* v. *Henry*, 48 Md. 550, S. C. 30 Am. Repts. 486; *In re* Gaffney's Est. 146 Pa. 49 (23 Atl. Rep. 163); *Pope* v. *Bank*, 56 Vt. 284; *Sargent* v. *Baldwin*, 60 Vt. 17.

These are only a few of the many cases bearing upon this subject, but they sufficiently illustrate it. A large number are collected in note 1 to Sec. 997 of Pom. Eq. Juris. (1st Ed.).

In the case at bar, Samuel Albee deposited in the Connecticut River Savings Bank $1,600 in the name of his son, the defendant, Charles P. Albee, naming himself trustee. The treasurer of the bank at the same time delivered to Samuel Albee a deposit book, on the outside cover of which was the entry: " No. 5362. Charles P. Albee, of Rockingham, Vt., in acct. with Conn. River Savings Bank," and in the book is this entry: " Conn. River Savings Bank in acct. with Charles P. Albee (Samuel Albee, trustee)." " Dec. 12, 1878, deposit, $1,600." This book was retained by Samuel Albee until his death. While he held this book and after the first deposit he made one deposit to this account, and on several occasions drew various sums of money from it, receipting therefor as trustee. In form at least, this transaction created a voluntary trust in favor of Charles P. Albee, by Samuel Albee, in which the latter constituted and declared

himself to be the trustee. The fact that he stated that he made the transfer to avoid taxation does not negate the idea that he also intended to create a trust for the benefit of Charles P., but on the contrary it is perfectly consistent with that purpose. The retention of the book is not inconsistent with this construction. If there was a trust, he must be deemed to have retained it as trustee. In *Martin* v. *Funk*, *supra*, it is said: "There are many cases where the instrument creating the trust has been retained by the author until his death, especially where he made himself the trustee, and yet the trust sustained." Such fact, among others, has been considered on the question of intent, in those courts which hold the creation of the trust to be one of intent on the part of the alleged donor, although he may have made the deposit in the name of the alleged donee, but it is never deemed decisive against the validity of the trust.

If the intent with which Samuel Albee made this deposit were to be held to be decisive of the rights of the parties to this litigation, what other intent, on the facts found from admissible evidence, can be imputed to him, than such as his acts at that time imported? He directed the bank to make the deposit in the manner and form it did, and he took the deposit book, the voucher, to himself in trust for Charles P. Albee. There was no contingency or uncertainty in the circumstances, and the transaction was complete. The money was deposited absolutely and unqualifiedly in trust, and Samuel Albee himself was the trustee. So far as is disclosed by legal evidence, he never said nor did anything thereafter, inconsistent with that transaction, viewed on the theory that such a trust was intended to be created by him. The fact that he deposited other money to this account, and as trustee drew money from it, is perfectly consistent with his being trustee.

We think there was a perfect, completed, voluntary trust created by this transaction. *Martin* v. *Funk*, *Ray* v. *Simmons*, *Minor* v. *Rogers*, *In re* Gaffney's Est., *supra*, and other authorities there cited.

37

Conn. River Savings Bank *v.* Admr. of Estate of Samuel Albee.

But we are not left to infer the intention of Samuel Albee from the transaction of making the deposit, for very near and after that occurrence, he declared that he made the deposit for the benefit of Charles P. We think a fair construction of the master's original report is that he finds such was his intention. This establishes the trust, if it were to be determined by the law of New Hampshire as found by the master, and stated in *Blasdel* v. *Locke*, 52 N. H. 238, and *Marcy* v. *Amazeen*, 61 N. H. 131, or in accordance with certain Massachusetts cases cited on defendant Lane's brief, Pt. 5.

The case of *Pope* v. *Bank*, 56 Vt. 284, is distinguishable from this case. In that case, there was no declaration of trust, but an imperfect gift. The intestate retained in himself the absolute control and disposal of the deposit, for his own use and benefit, making it payable to himself by the terms of the deposit.

2. The testimony of the witnesses, Ruth McQuaid, Simon Albee and Harriett Albee, as to the declarations of the intestate in respect to the deposit, and made after the trust had been created, were not admissible. "No such declarations made after the creation of the trust could have any legitimate effect upon it." *Ray* v. *Simmons, supra; Mutual Ins. Co.* v. *Deale,* 18 Md. 26, S. C. 79 Am. Dec. 673 ; *Minor* v. *Rogers, supra; Bullard* v. *Billings,* 2 Vt. 309 ; *Brackett* v. *Wait,* 6 Vt. 411 ; *Edgell* v. *Bennett,* 7 Vt. 534; *Sargeant* v. *Sargeant,* 18 Vt. 371 ; *Hough* v. *Barton,* 20 Vt. 455 ; *Leland* v. *Farnham,* 25 Vt. 553 ; *Washburn* v. *Ramsdell,* 17 Vt. 299 ; *Hayward Rubber Co.* v. *Duncklee,* 30 Vt. 29; *Halloran* v. *Whitcomb,* 43 Vt. 306 ; *Ross* v. *White,* 60 Vt. 558 ; *Sargent* v. *Baldwin,* 60 Vt. 17.

As before stated when a voluntary trust is once created, it cannot be annulled by the act or declarations of the party creating it, unless a power of revocation is reserved for that purpose. See *Sargent* v. *Baldwin, supra,* and cases there cited. No such power was reserved by Samuel Albee.

3. The testimony of Charles S. Albee in respect to the declarations of Samuel Albee as to his intent in making the deposit, and the reason that moved him to do it, was properly admitted. "The declarations of a trustee can be given in evidence to show how he held the estate ; that is in those states where the trust may be proved by parol." Perry Tr. (1st Ed.) s. 77 ; s. 147. "The declarations of deceased persons made against their interest or right, are admissible against those who claim in the interest or right of such deaceased persons." *Wheeler* v. *Wheeler's Est.*, 47 Vt. 637, 645 ; 2 Saund. Pl. & Ev. 557 ; *Ivat* v. *Finch*, 141 Taunt. 1 ; 1 Greenl. Ev. (12th Ed.) s. 189.

*The decree of the Court of Chancery is affirmed and cause remanded.*