CATHERINE ATKINS *vs.* ALFRED ATKINS, et al.

Argued January Term, 1898.   Reargued May Term, 1898.

Present:   ROWELL, MUNSON, START and THOMPSON, JJ.

*Simple or Dry Trust—Life Insurance Policy—Voluntary Trust in Favor of the Beneficiary—Not Revocable unless Power Reserved in Policy—"And" May Be Read "for" to Effectuate Intention.*

One who takes out an insurance policy upon his life creates a voluntary trust in favor of the beneficiary named therein, which he cannot annul or modify unless the power to do it is reserved in the policy.

If a policy is payable to one as trustee for another, without more, it is a case of a simple or dry trust, and the trustee has nothing to do but to pay the fund to the *cestui que trust.*

A policy payable to "Alfred Atkins, trustee, and the children of Hiram Atkins," is payable to Alfred Atkins as trustee for the children of Hiram Atkins,—"and" here meaning "for."

CHANCERY.   Heard upon pleadings and stipulation at the September Term, 1897, Washington County, before *Taft*, Chancellor, who dismissed the bill with costs.   The oratrix appealed.

The stipulation fixed the amounts recoverable under the different policies, with the date from which interest should be computed, subject to diminution by payments already made.   The mortgage and notes mentioned in the mandate represented the avails of policy No. 4,967.

*C. G. Austin* for the oratrix.

*Dillingham, Huse & Howland* for the defendants.

THOMPSON, J.   Hiram Atkins, deceased, in his life, took out on his life, insurance policy No. 156,000 in the New York Life Insurance Company, for $5,000 payable to the defendant, Alfred Atkins, as trustee for Catherine Atkins, the oratrix, who is a daughter of Hiram Atkins, or in the event of her death prior to his, to his legal representatives.   After

the death of Hiram Atkins, the $5,000 was paid to Alfred Atkins as such trustee.

The National Life Insurance Company also issued to Hiram Atkins, in his life, its policy, No. 4,967, for $4,000, payable to the defendant, "Alfred Atkins, trustee, and the children of Hiram Atkins." Hiram Atkins, at his death, left two surviving children, the oratrix and Elizabeth De Witt Clark. At his death, policy No. 4,967 amounted to $4,109.60 and was paid, one-third thereof to Alfred Atkins as trustee, and one-third thereof to each of said daughters.

The defendants, Alfred and George Atkins, are the executors of the last will and testament of Hiram Atkins, and now hold the money received on these two policies of insurance, with the income thereof except so much of the income as has been paid to the oratrix, and claim to hold the same as executors and trustees under said will for the execution of the trust therein attempted to be created in respect to the money received on these policies.

The oratrix claims to recover all the money received on policy No. 156,000 and the income thereof, and one-half of the amount received by Alfred Atkins on policy No. 4,967, and the income thereof.

It is a general rule that a policy of life insurance, and the money to become due under it, belong, from the time it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance, by any act of his, by deed or will, to transfer to any other person the interest of the person named, nor to modify and limit such interest. An irrevocable trust is created. *Bank* v. *Hume,* 128 U. S. 195; *Gould* v. *Emerson,* 99 Mass. 154; *Ins. Co.* v. *Weitz,* 99 Mass. 157; *Brown's Appeal,* 125 Penn. St. 303: 11 Am. St. 900; *Harley* v. *Heist,* 86 Ind. 196 : 44 Am. Rep. 285; *Chapin* v. *Fellowes,* 36 Conn. 132: 4 Am. Rep. 49.

The person who procures insurance on his life payable to a beneficiary named in the policy, thereby creates in effect a

voluntary trust, and what is equivalent to a voluntary settlement, for the benefit of such beneficiary, and when such a trust or settlement is once created, it cannot be annulled nor modified by the act or declaration of the party creating it, unless a power of revocation or modification is reserved by the terms of the trust for that purpose. *Barber* v. *Thompson*, 49 Vt. 213; *Sargent* v. *Baldwin*, 60 Vt. 17; *Conn. Riv. Savings Bank* v. *Albee*, 64 Vt. 571.

Hiram Atkins reserved no power in either of the policies in question, to cut off or modify any right or interest which the oratrix took as a beneficiary thereunder, and his will is inoperative as to such right or interest.

Policy No. 156,000 was properly paid to Alfred Atkins as trustee for the oratrix. The nature of the trust not being prescribed by the terms of this policy, it is left to the construction of the law. The trust under which he holds the money received on this policy is "a simple or dry trust." "In such case the *cestui que trust* is entitled to the actual possession and enjoyment of the property, and to dispose of it, or to call upon the trustee to execute such conveyances of the legal estate as he directs. In short, the *cestui que trust*, has an absolute control over the beneficial interest, together with the right to call for the legal title, and the person in whom the legal title vests is a *simple* or *dry* trustee." Perry on Trusts (1st ed.) § 520. The duties imposed upon Alfred Atkins, as trustee, were not sufficient to keep alive the trust, and it is therefore to be treated as executed in the oratrix, the *cestui que trust*, and both the legal and beneficial estate is vested in her. Perry on Trusts (1st ed.) § 521; *Kay* v. *Scates*, 37 Penn. St. 31: 78 Am. Dec. 399 and note. *Conn. River Savings Bank* v. *Albee*, 64 Vt. 571. The oratrix is therefore entitled to the $5,000 received on policy No. 156,000 and the income thereof.

Whether she prevails in her contention in respect to policy No. 4,967, depends upon the construction given to the words, "Alfred Atkins, trustee and the children of Hiram Atkins."

If they are construed literally, the trust attempted to be created with Alfred Atkins for trustee, is void for uncertainty, and that part of the avails of this policy payable to the trustee, which would be one-third thereof, falls into the testator's estate subject to be disposed of by his will or as the law directs.   In *Hooker* v. *Sugg*, 102 N. C. 115: 11 Am. St. 717, it is said that rules for interpreting the will of a testator may guide, as far as they are applicable, in ascertaining the legal effect of the clause in a life insurance policy designating the beneficiaries.   The object of construing a will or a contract, is to give effect to the will of the testator in the one case, and in the other, to effectuate the intention of the contracting parties, so far as it may be learned from the instrument read in the light of the attendant circumstances. It is clear that Hiram Atkins did not intend by the terms of this policy that Alfred Atkins should receive one-third of the sum to be paid on it, for his own use, for had such been the intention, Alfred would not have been designated trustee. Nor was it the intention that one-third of this sum should fall into Hiram Atkins's estate, for the attempt to create a trust negates this view.   On the other hand it is apparent that he intended his two daughters to be the beneficiaries under this policy.   If the words naming the beneficiaries are read, "Alfred Atkins, trustee *for* the children of Hiram Atkins," his intent in that respect is made clear and effectuated.   We think that "*and*" must be read "*for*," in this connection.   This gives effect to all parts of the clause designating the beneficiaries, and no other construction will do so.   In *Shepard* v. *Shepard*, 60 Vt. 116, it is said that "one of the most helpful principles of construction in ascertaining the intention of the testator is, to give force and effect to every clause of the will.   It is not to be presumed that he used an unnecessary word, or one to which no proper force can be given."

Reading this clause, "Alfred Atkins, trustee for the children of Hiram Atkins," the same trust was created in respect to

the money received on this policy, by the trustee, as in the case of the avails of policy No. 156,000. Hence all that has been said in respect to that trust applies to this, and the oratrix is entitled to recover one-half of the money received thereon by Alfred Atkins, and the interest thereon, less what has been paid to her, pursuant to the stipulation of the parties filed in this case.

> *Decree reversed and cause remanded with mandate that the court of chancery enter a dcree in favor of the oratrix against Alfred Atkins and George Atkins, executors of Hiram Atkins's will, to recover of them the sum of $5,000, received on policy No. 156,000, and the income thereof from October 12, 1892, less what may have been paid her thereon; and to recover the further sum of $684.94 with interest thereon from October 12, 1892, less any sums heretofore paid her thereon, the same being one-half the sum received on policy No. 4,967 and interest thereon; all said sums to be paid the oratrix by said Alfred Atkins and George Atkins, executors as aforesaid, by a day certain to be fixed by the court of chancery, together with costs of suit. And in case payment shall not be made in money by the day fixed, let it further be decreed that the notes and mortgage executed by Charles W Selinas and Anna M. Selinas, described in the bill of the oratrix, be and become her property in payment, pro tanto, of the aforesaid sums decreed to be paid to her. Let the injunction be continued by the court of chancery so long as it deems it necessary to protect the rights of the oratrix in the premises.*
>
> *Let the case be referred to a master to ascertain and report the sum due the oratrix under this mandate.*