R. J. WADE, Administrator with the will annexed, *v.* E. A. BUTTON and RICHFORD SAVINGS BANK AND TRUST Co.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed February 24, 1900.

*Simple or dry trust*—The mere receiving of money from another and the holding of it to that other's use, constitutes no more than a simple or dry trust, and there is nothing to prevent the one from whom the money is received, and for whom it is held, from disposing of the fund as he may see fit.

*Creation of voluntary trust*—In the case of money so held a direction in writing, executed and delivered by the one for whom the money is held to the holder or naked trustee, directing the payment of the money to certain persons named if the donor does not live to use it up, and the subsequent holding of the money under such writing, constitute a voluntary trust for the benefit of the persons named, subject to be defeated only by the using up of the money by the donor in his life-time.

*A valid voluntary trust not defeated by a subsequent will*—A voluntary trust so created is not defeated by a will subsequently executed under which a different disposition of the property is made.

*Interest accrued*—The beneficiaries under such a trust are entitled to the interest of the fund from the time of the death of the donor as well as to the fund itself.

ASSUMPSIT.   Plea, general issue.   Franklin County, September Term, 1899, *Start*, J., presiding.   Trial by court.   Judgment for the plaintiff against the defendant, E. A. Button.   The defendant, E. A. Button, excepted.

The case is stated in the opinion.

*W. D. Stewart, Hogan & Royce* and *J. A. Flint* for the plaintiff.

*Rustedt & Locklin* and *Wilson & Hall* for the defendant Button.

THOMPSON, J.   About July 27, 1893, the defendant, E. A. Button, and her husband, Alonzo Button, received from Lucinda

H. Tarbell, plaintiff's testate, $300.00, and held the same to her use until the decease of Alonzo Button; and thereafter the defendant held the same for the use of said Lucinda and subject to the writing hereinafter mentioned, until the death of said Lucinda which occurred in January, 1898. Since her death $22.13 of interest has accrued on the $300. This action is brought to recover the $300 and accrued interest. The money when received by the Buttons, was deposited in their name in the Richford Savings Bank, and has since remained there. After the delivery of the money to the Buttons, Lucinda H. Tarbell executed and delivered to defendant, E. A. Button, a writing as follows: "Emeroy A. Button, September 6th, 1893. If I do not live to use my money up that I have in the bank here in Richford, and Mrs. Toof is living, I want you to give her, Emma C. Toof, one hundred dollars, and I want you to give George N. Rounds one hundred dollars, also one hundred dollars to Lou Rounds Moses." (Signed) " L. H. Tarbell."

Prior to the execution of this writing, there was nothing to prevent said Lucinda from using or disposing of this fund as she saw fit to do. If the Buttons held it in trust for her, the trust was a simple or dry trust. *Atkins* v. *Atkins*, 70 Vt. 567. By the execution and delivery of this writing and the holding of the money thereunder, a valid voluntary trust was created for the benefit of the persons therein named, subject to be defeated only by said Lucinda's using up the fund during her life. This she did not do. *Stone* v. *Hackett*, 12 Gray 227; *Davis* v. *Ney*, 125 Mass. 590; *Blanchard* v. *Sheldon*, 43 Vt. 511; *Williams* v. *Haskins Est.*, 66 Vt. 383; *Sargent* v. *Baldwin*, 60 Vt. 17; *Conn. River Savings Bank* v. *Albee*, 64 Vt. 571. It could not be defeated by the will of said Lucinda subsequently executed and only taking effect at her decease. The beneficiaries under the trust are entitled to the interest which has accrued since her death as well as to the $300.

*Judgment reversed and judgment for defendant, E. A. Button, to recover her costs.*