Farr, J.
Heard on error.
Christopher Luplow and -Maria Luplow, husband and wife, were, for some time prior to June 11, 1901, residents of the city of Youngstown, this county, and were possessed jointly of certain real estate Which they sold for $4,250.00, a part of which they reinvested in other properties. They were both wage earners and reared a family of children, the youngest of whom are Richard and Maria.
On'the 11th day of June, 1901, Maria Luplow, the wife, deposited in a saving's account with The Dollar Savings and Trust Co., of the city of Youngstown, $700.00 in the name of “Maria Luplow, in trust for Richard and Maria,” and the account so appears at the present time. Maria Luplow died June 20, 1919, and the husband, Christopher Luplow, was soon thereafter appointed administrator of her estate.
On the 25th day of September, 1919, Christopher Luplow as such administrator began an action in the court of common pleas of this county to reform said savings account, alleging that he is the owner and entitled to the one-half thereof, and asking that Maria Luplow, now intermarried with one Jones, be restrained from withdrawing any part of said money, and that the Trost Company be restrained from paying any portion thereof to her.
To his petition as administrator, Christopher Luplow filed an answer and cross-petition, admitting the allegations of the petition to be true, and asking a reformation of the account, and that he be found to be entitled to the one-half thereof, and that the remaining-half be awarded the estate of Maria Luplow-', deceased.
Richard Luplow, one of the beneficiaries, filed his answer, admitting the allegations of the petition to be true. Maria Luplow Jones filed an answer and cross-petition, and for a first ground of defense, admits the deposit and then tenders a general denial; for a second defense she avers.the making of the deposit and that it was a gift and denies that any part belongs to Christopher Luplow; as a third defense she avers a trust was created in and to said deposit in favor of Richard Luplow and herself and asks one-half of the amount and that the restraining order be dis *519 solved; in her cross-petition she alleges that the $700 was a gift, and asks that she be declared the owner of one-half thereof; to this answer Christopher Luplow and Richard Luplow filed replies and to the cross-petition answers, denying ownership in Maria Luplow Jones, and that said $700 was either a gift or a trust, and the issues being joined, trial was had, which resulted in a decree reforming said account and awarding one-half to Christopher Luplow, as administrator aforesaid, and the remining half to Christopher Luplow individually, and from which error is prosecuted here, and from which an appeal was also perfected ; however, counsel elected to present the error case, which is probably unfortunate, as otherwise a proper decree might have been entered here.
The vital issue is, therefore, whether a gift of the $700 was made or a trust created in it in favor of Richard and Maria Luplow. It is urged that neither could have resulted, because it is said that in no event more than the one-half of the $700 originally deposited was the property of Maria Luplow, and that one-half at least belonged to Christopher Luplow. True, he says that the money belonged to him and his wife,- but he says also that he advised her to deposit the money in the bank, as a matter of safety; he does not, however, fix the amount. The balance remaining from the proceeds of the sale of the Mead Street property, after the purchases on Salt Spring Road and Columbia Street, was $1,850; however, Luplow knew of the deposit and undoubtedly knew of the manner in which it was made, because it was of common knowledge in the family, and was occasionally discussed by different members of it, and yet, knowing all this, he waited a little more than eighteen years, and until after the death of his wife, to assert bis claim against it by this proceeding. He was, undoubtedly du ’ing these years, fully cognizant of the whole situation, and mus! have acquiesced; however, it is now too late for him to be heard to complain in that regard, because the time has passed when such contention will avail.
Did that which was said and done create a trust in favor of Richard and Mlaria, or was it a completed gift? As to whether or not a trust was created will first be considered, because a trust usually involves a gift.
*520 The several elements which must concur in the creation of a trust are, a person competent to create it; sufficient words to establish it; a person capable of holding as trustee a specified or ascertainable object, a definite subject, and a declaration of the terms of the trust. To constitute an express trust there must be either explicit language to that effect or circumstances which show with reasonable certainty that a trust was intended to be created. No particular form of words, however, is required to create a trust, and whether one exists is to be ascertained from the intention of the parties as manifested by the words used and the circumstances of the particular case, If it appear to be the intention of the donor, from the whole instrument creating it, or by his expression and conduct at the time that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to it the character' of a trust; and in determining whether or not a trust has been created, there must be taken into consideration the situation and relation of the parties; the character of the property, and the purposes which the settlor had in view in making the declaration. It is sufficient if the language used shows that the settlor intended to create a trust, and clearly points out the property, the beneficiary and the disposition to be made of the property. 26 R. C. L. 1179, 1180, 1181.
To summarize, it may be said that to create a trust, it is enough, if the property being personal, the settlor unequivocally declares, either orally or in writing, that he holds it in presentí, in trust or as a trustee for another. Ray v. Simmons, Administrator, 11 R. I., 266.
The record discloses here that Maria Luplow, on or about the 11th day of June, 1901, said to her daughter, Mrs. Engleheart, that she was going down town, or down to the bank, to deposit the money in question for the benefit of Richard and Maria, or words to that effect, and requested her daughter to accompany her, which she did; the deposit being made as indicated: ‘ ‘ Maria Luplow in trust for Richard and Maria, ’ ’ which was a clear, unequivocal declaration concerning the definite sum of $700. of her purpose, in presentí, and it is quite significant that, although some members of her family importuned her later to change the *521 character of the deposit, she never did so, and it so remained for eighteen years, which fact alone, that is, lapse of time, discloses the idea of permanence and corroborates the theory of a trust Moreover, Mrs. Luplow to others of her family, who so testify against interest, declared both before and after making the dedeposit, her purpose to create a fund for the benefit of her two youngest children, suggesting that she might not live to rear them, the suggestion itself clearly indicating her motive, and these declarations were competent, Bank v. Albee, 64 Vt. 571, 25 Atl. 487. Perry on Trusts, 1st Ed. Secs. 77, 177.1 Greenlf. on Ev. (12th Ed.) See. 189.
It is urged, and the record discloses, some testimony to the effect that the deposit was made in the form it was, for -the purpose of avoiding the payment of taxes. If this were the motive, then it is somewhat singular that the remainder of the fund was not deposited. The whole balance from the sale of the Mead Street property, after reinvestment in the two other properties, was $1,850, and it is not disclosed that at least a part or all of the balance of this amount was still in hand. However, this would not avail even if true, because an unlawful act could not be the basis of a defense against a lawful one, and the parties would be. left just where they placed themselves, and it is held in the above case of Bank v. Albee, et al., that such defense is not available; the fifth paragraph of the syllabus of which reads as follows:
“That the father made the deposit in the name of the son to escape taxation is not such a -fact.”
That is, such a fact as would negative the theory of a trust. Again, it is insisted that Mrs. Luplow retained the bank book and that this was inconsistent with the trust. Scarcely so; for indeed it was not improper for her to retain the book as trustee for such she had voluntarily constituted herself, and therefore, she might properly retain it, and so it is held in Ray v. Simmons, Admr., 11 R. I. 266; the strong weight of authority .is to the effect that the creation of a trust, if otherwise unequivocal, is not affected by the settlor’s retention of the instrument of trust, especially where he is himself the trustee. Exton v. Scott, 6 Sim. 31; Fletcher v. Fletcher, 4 Hare, 67; Carson’s Adm’r v. Phelps, *522 14 Am. Law Eeg. N. S. 100; Souverbye et ux v. Arden et al., 1 Johns Ch. 240; Bunn v. Winthrop, 1 John’s Ch. 329.
It is further urged that inasmuch as Mrs. Luplow, during the eighteen years, withdrew by check certain sums of money, not large in amount or number, from this account, and that such withdrawals were inconsistent with the theory of a trust, and such must be conceded to be the case, but did she thereby annul the trust? Scarcely^ so, because a trust cannot be annulled by the person creating it in the absence of a power of revocation reserved by him for that purpose. Bank v. Albee et al, 64 Vt. 571; 25 Atl. 487; Sargent v Baldwin, 13 Atl. 856; Martin v. Fink, 75 N. Y. 134; 15 N. Y. (App.) 807; Curtis v. Price, 12 Ves. 103; Ellison v. Ellison, 6 Ves. 656; Salisbury v. Bigelow, 20 Pick. 182, 183; Stone v. Hackett, 12 Gray, 227; Souverbye v. Arden, 1 Johns Ch. 258; Viney v, Abbott et al., 109 Mass, 300; Sewall, Excr. v. Roberts et al., 115 Mass. 262.
No matter what Mrs. Luplow said or did afterwards, inconsistent with an express, completed trust, if she had created one without the power of revocation, she could not thereby annul it, and the foregoing rests upon the equitable principle now well established, that a voluntary gift or conveyance of property in trust, when fully completed and executed, will be regarded as valid and its provisions enforced and given effect.
It is true that two cases, Brabrook v. Savings Bank, 104 Mass. 228, 6 Am Rep 222 and Clark v. Clark, 108 Mass, 522, seem to hold a different doctrine; however, in the first case the circumstances were deemed controlling and adverse to an intent to create a trust and in the last, which was similar as to facts, the court very briefly expresses the opinion that the trust was not complete, but without assigning any reason, and although entitled to much respect, is exceptional to the strong weight of authority in the United States. The English cases in th.U regard, quite a few of which have been examined, generally sustain the view of the large majority of the American cases.
Probably no case can be found more nearly upon the point than Martin v. Funk, Administrator, et al, 75 N. Y., 134, in which it is held as follows:
*523 “■Where * * a trust is declared, whether in a third person or the donor, it is not essential that the property should be possessed by the cestui que trust, or that the latter should.be informed of the trust. S. deposited in a savings bank a spm of money belonging to her, declaring at the time that she wanted the account to be in trust for plaintiff. The account was so entered, and a pass-book given to S., containing an- entry, in substance, that the account was with her in trust for plaintiff. A deposit was made in the same manner in trust for K. Plaintiff and K. were sisters, and distant relations of S. S. retained possession of the pass-books and the money remained in the bank with its accumulated interest, except that she drew out one year’s interest, until her death. Plaintiff and K; were ignorant of the deposits until after that event. In -an action to obtain possession of the pass-book and to recover the deposits.
Held, that the transaction was a valid and sufficient declaration of trust and passed the title to the deposits. S. constituting herself a trustee; that the retention of the pass-books, which were simply the vouchers for the property, must be deemed to have been as trustee, and was not inconsistent with the completeness of the gift, nor was notice to the cestui que trust necessary.”
It is obvious that the foregoing is quite similar as to facts, and fairly expresses the principle declared in practically all of the well-considered cases.
It is, therefore, clear that Mrs. Luplow, as the owner and donor of personal property, could create a perfect or completed trust by her unequivocal declaration, in writing or by parol, that she herself held such property in trust for the purposes named, and the trust is equally valid whether she constituted herself 'or another person the trustee; she need not in express terms declare herself trustee, but she must do something equivalent to it, and use expressions that have that meaning. • The act mast be consummated and not rest in intention; if she constituted herself trustee, it is not necessary as between herself and the beneficiaries that she should-part with the possession of the trust property. She declared her intention before the act, to deposit the money for the benefit of her children, then followed the act depositing the money in her own name “in trust for Richard and Maria;” subsequently' she declared what she had done, and although *524 asked to do so, refused to change the manner of the deposit, and it so continued for more than ■ eighteen years, which of itself indicates permanence of intention. So far as the record discloses she died without any intimation of a desire to make a change in the original arrangement, and it is not believed that the Court should now do that which she declined, although urged to do.
It must be found, therefore, that she created a voluntary express trust, which was completed by her in presentí by the deposit of the $700 and the naming of herself as trustee.
The subject of- gift which was presented in argument need not be further or separately considered, as it has been sufficiently discussed in the foregoing as a part of the trust.
It follows, therefore, that-the judgment must be reversed, and it is so ordered.
Metcalf and Pollock, JJ., concur.