Washburn et al. v. Ramsdell.

<hr/>

CALVIN WASHBURN, CHARLES A. WHITNEY AND JOHN M. WASHBURN v. JOB RAMSDELL.

Neither the declarations of the payee of a note, as to payments made to him by the maker, nor a receipt signed by him, acknowledging such payment, made at a time when he was not holder of the note, are competent evidence for the maker of the note, in an action brought against him by an indorsee, when the payee is alive and can be produced as a witness.

*It seems*, that, in the absence of all proof as to the time when a note was indorsed, the court will presume that it was indorsed while current.

ASSUMPSIT upon a promissory note for $118,88, dated February 20, 1842, and made payable to Erastus Ramsdell, or order, on demand with interest, and by the said Erastus indorsed to the plaintiffs, who brought this action as indorsees, alleging that the indorsement was made on the day of the date of the note. Plea, the general issue, and trial by the court.

On trial, after the plaintiffs had given in evidence the note, and proved its execution and indorsement, the defendant offered evidence tending to prove, that, in October, or November, 1842, Erastus Ramsdell, in a conversation between him and the defendant, ad-

mitted that the defendant had, before that time, made him a payment of about eighty dollars on the note in suit, and also offered in evidence a receipt, signed by the said Erastus, dated October 1, 1842, and acknowledging the receipt of $80,50, in part payment of the note. It did not appear that the note at the time of the said conversation, or of the giving of the receipt, was in the possession of the said Erastus.

To the admission of this testimony the plaintiffs objected, and the court rejected the same, and rendered judgment for the plaintiffs for the whole amount of the note and interest, without requiring or having before them any other evidence, as to the time when the note was indorsed, than the note itself, which was indorsed in blank. Exceptions by defendant.

*R. W. Smith* for defendant.

1. The evidence and receipt, offered by the defendant and rejected by the court, showed a payment made, to be applied on the note in suit, and that this payment was made to the original payee of the note.

2. The payment made by the defendant ought to have been deducted from the note, unless the plaintiffs, in some way, proved that the note was indorsed to them while current.

3. After the evidence and receipt offered by the defendant, the burden of proof was cast upon the plaintiffs, to show at what time the note was indorsed to them.

*R. Tyler* for plaintiffs.

The evidence rejected was not admissible.

I. Because it was mere hearsay. Erastus Ramsdell, the payee, whose declarations were offered, was a competent witness for the defendant and ought to have been called. Chitty on Bills 650 & note. Ib. 651. *Clipsam* v. *O'Brien*, 1 Esp. R. 10. *Duckham* v. *Wallis*, 5 Esp. R. 251. *Hedger* v. *Horton*, 3 Car. & Payne 179. *Ross* v. *Knight*, 4 N. H. Rep. 236. *Baker* v. *Briggs*, 8 Pick. 127. *Whittaker* v. *Brown*, 8 Wend. 490. *Bristol* v. *Daun at al.*, 12 Wend. 142. *Hurd* v. *West*, 7 Cow. 752. *Warner et al.* v. *Mc Gary*, 4 Vt. 507. The cases that seem contradictory will be found

Washburn et al. *v.* Ramsdell.

to be where admissions and declarations have been received as part of the *res gestæ*, showing fraud, or some vice in the *original making* of the note; as that it was on a usurious, or gaming consideration, &c. Chitty on Bills 649—50 and cases there cited.

II. The declarations of Erastus Ramsdell, the payee, if admissible at all, are only so after the title of the plaintiff is impeached by *proof by the defendant* that the plaintiff took the note when overdue, or under suspicious circumstances; for—

1. The indorser of a note, transferred before it is due, takes it on its own intrinsic credit, and is not bound to enquire into any circumstances existing between the assignor and any of the previous parties to the note. Chitty on Bills 241, 650. *Hinsdill* v. *Safford et al.*, 11 Vt. 313.

2. Notes payable on demand *with interest* are not to be considered overdue immediately. Chitty on Bills 246. 13 Vt. 485.

3. The presumption of law is, that the indorsement of a note is contemporaneous with its making, or at any rate, before it is due; and the burden of proof is on the defendant to show the time of the transfer, in order to let in evidence of payment. Chitty on Bills 248, 650,—Editors App. 830. *Beauchamp* v. *Parry*, 20 E. C. L. 351. *Webster* v. *Lee*, 5 Mass. 334. *Pinkerton* v. *Bailey*, 8 Wend. 600. *Potter* v. *Bartlett*, 6 Vt. 248. *Britton* v. *Bishop*, 11 Vt. 70. *Harrison* v. *Edwards*, 12 Vt. 648.

The opinion of the court was delivered by

WILLIAMS, CH. J. The proposition, that, when a person, who is a competent witness, is alive and can be produced as a witness, his declarations are not admissible in evidence, is clear and plain, and has been too often decided, to admit of a doubt at this time ; and this is decisive of the case before us. The declarations of Erastus Ramsdell and his receipt,—which was but an admission,—could not be received in evidence, when he was alive, and could be produced.

The receipt, or declaration, of a payee of a note has never been held as admissible in evidence, in a suit to which he was not a party, when, at the time he made them, he was not holder of the note. It was not proved, in this case, that Erastus Ramsdell was holder of the note, at the time the receipt was executed, or at the time the

conversation between him and Job Ramsdell was held ; nor was it proved that the note was not indorsed on the day it purported to have been indorsed.

The judgment of the county court is therefore affirmed.