CARL R. C. HEYNE, Respondent, *v.* JOHN DOERFLER, as Executor, etc., Appellant.

The words "transactions and communications" in the provision of the Code of Civil Procedure (§ 829), prohibiting evidence as to personal transactions and communications between certain persons and a deceased person embrace every variety of affairs which can form the subject of negotiations, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another.

Although, it must appear that the transaction or communication sought to be excluded was a personal one, it is not requisite to show that it was private or confined to the witness and deceased.

Upon a reference of a claim by plaintiff against the estate of A. for the board and care of two relatives of A., and professional services as nurse rendered for A., the referee allowed plaintiff to testify, under objection and exception, that he conversed with A. in reference to said relatives boarding with him, in the presence of one of them, and that he was to

receive $200 therefor; also, that he was at the house of A. many times, and for several periods of consecutive days, and at those times no other person was generally there, except A.'s attending physician. *Held*, error.

(Argued March 5, 1891; decided March 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of September, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee appointed under the statute to hear and determine a claim against the estate of Maria F. Arlt, deceased.

The amount of the claim as presented by the plaintiff, was $611, and is made up of two charges. One of them.is for the board of Anna John and Emil John; the other is for professional services rendered as nurse by plaintiff for the deceased for various periods of time between June 2, 1887, to March 18, 1888.

The referee reported in favor of the plaintiff to the amount of $350 of the claim, allowing the whole of the $200 claimed for board, and a portion only of the claim for services as nurse.

Further facts appear in the opinion.

*H. D. Birdsall* for appellant. The ruling permitting an answer to the question, "Before Emil and Anna came to your house did you have a conversation with Mrs. Arlt in reference to their coming?" was error. (*Maverick* v. *Marvel*, 90 N . Y. 656; *Holcomb* v. *Holcomb*, 95 id. 316, 325; *In re Eysaman*, 113 id. 62; *Nay* v. *Curley*, id. 575.) The exception to the ruling permitting an answer to the question "What did Mrs. Arlt say when Anna John was there?" was well taken. (Code Civ. Pro. § 829; *Adams* v. *Morrison*, 113 N. Y. 152; *Mills* v. *Davis*, id. 243.) The exceptions to the testimony of Dr. Ermentsaul were well taken. (*Loder* v. *Whelpley*, 111 N. Y. 239; *Westover* v. *E. L. Ins. Co.*, 99 id. 56; *Rehiham* v. *Dennin*, 103 id. 573.) The plaintiff was not entitled to costs. (Code Civ. Pro. §§ 1022, 1836; *Denise* v. *Denise*, 110 N. Y. 526.)

*Joseph A. Burr, Jr.,* for respondent. The plaintiff was asked whether, between January, 1887, and February, 1888, he was at any time at No. 200 Withers street, Brooklyn, and was permitted to prove when he was there. This was proper. (*Denise* v. *Denise,* 110 N. Y. 562; *Lerche* v. *Brasher,* 104 id. 157; *In re Merchant's Estate,* 6 N. Y. Supp. 875.) Counsel argued in the court below that the referee erred in allowing plaintiff to testify as to the dates when he was at 200 Withers street, upon the ground that his memory was not refreshed by the memorandum made by him, but that he simply read from it. The case does not show this to be the fact. But if it were so, the ruling was correct. (*Halsey* v. *Sinebaugh,* 15 N. Y. 485; *Guy* v. *Mead,* 22 id. 462; *Squires* v. *Abbott,* 61 id. 530–535; *Beck* v. *Valentine,* 94 id. 569; *Mayer* v. *S. A. R. R. Co.,* 102 id. 572–580.) The plaintiff was asked whether, before Emil and Anna John came to his house, he had a conversation with Mrs. Arlt in reference to their coming. The ruling permitting the answer was clearly correct. (*Hiers* v. *Grant,* 47 N. Y. 278; *Maverick* v. *Marvel,* 90 id. 656.) When a party calls a witness and examines him as to a particular part of a communication or transaction, the other party may call out the whole of the transaction or communication bearing upon, or tending to explain or qualify, the particular part to which the examination of the other party was directed, and section 829 of the Code was not intended to abrogate this rule. (*Nay* v. *Curley,* 113 N. Y. 575; *Merritt* v. *Campbell,* 79 id. 625; *Davis* v. *Gallagher,* 55 Hun, 593.) The point that the proof was not within the terms of the claim is not well taken. In any event, inasmuch as there are no pleadings, the court must look into the proofs to ascertain the grounds of the recovery or the defense. (*Raynor* v. *Laux,* 28 Hun, 35.) The court below had power to award costs to the claimant, and its action in doing so will not be reviewed by this court. (*Denise* v. *Denise,* 110 N. Y. 562.)

POTTER, J. The plaintiff sought to recover for his services and attendance upon proof that he had rendered services for

and attended upon the deceased at her house during her sickness, and at her request and upon her promise to pay for the same at the rate he would have earned if he had worked at his business of making cigars. He also sought to recover the sum of two hundred dollars upon proof that the deceased had promised to pay him that sum if he would take and keep Anna and Emil John, relatives of the deceased, who had recently arrived at the house of the deceased from Germany, till they should get employment. The evidence introduced upon plaintiff's part to support these claims, including that given by the plaintiff himself, was weak and quite unsatisfactory, but under the rule that prevails in this court in respect to reviewing evidence, we do not feel warranted in reversing the judgment upon that ground. But we think the learned referee fell into errors in receiving some of the evidence given by the plaintiff himself in reference to personal transactions and communications between the plaintiff and the deceased bearing upon plaintiff's employment and a promise of payment by the deceased.

To support the claim of two hundred dollars, it was necessary that plaintiff should prove a contract between himself and the deceased, to the effect that plaintiff had agreed to keep at his house Anna and Emil John, and the deceased had promised to pay him two hundred dollars for so doing. There is no pretense that such contract, if made at all, was not wholly made by parol. The plaintiff was allowed to answer, under objection and exception, that such evidence by the plaintiff was not competent under section 829, Code of Civil Procedure, this question : "Before Emil and Anna came to your house, did you have a conversation with Mrs. Arlt in reference to (their) coming?" Answer. "Yes, sir." This was one step towards proving the alleged contract between plaintiff and the deceased in relation to their going to plaintiff's house. Again, the plaintiff was asked and allowed to answer: "What did Mrs. Arlt say when Anna John was present?" Answer. "Aunt cried and said I should take her and I should receive $200." This answer was received and duly excepted to. Again the plaintiff was allowed to put in evidence memoranda

showing the days and periods of time he had been at the house of the deceased.

Some, if not all, of the evidence above specified was in contravention of section 829, Code of Civil Procedure.

The object and purpose of this statute is so obvious as not to require or justify any explanation or consideration beyond that which it has repeatedly received from this court. It was said in the opinion of the Court of Appeals in *Holcomb* v. *Holcomb* (95 N. Y. 325), in relation to section 829, that " The words of exclusion are as comprehensive as language can express. Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another. The statute is a beneficial one, and ought not be limited or narrowed by construction. Although it must appear that the interview or transaction sought to be excluded was a personal one, it need not have been private or confined to the witness and deceased. If they participated, it does not change its character because others were present. A contrary rule would defeat the reasonable intent of the statute that a surviving party should be excluded as one interested from maintaining by his testimony an issue which in any degree involved a communication or transaction between himself and a deceased person."

It was incumbent upon the plaintiff, in order to maintain the claims in this case, to prove that the deceased engaged the plaintiff to keep and board Anna and Emil John, and to serve and nurse the deceased, and her promise to pay him therefor. For that purpose the plaintiff was allowed to prove that he conversed with the deceased with reference to their coming to plaintiff's house, and that he should receive from the deceased two hundred dollars therefor, and that he was at the house of the deceased in Brooklyn many times and for several periods of consecutive days, leaving his own house and business in New York for that purpose, and when there, generally no

person other than the physician of the deceased in making professional visits, was present.

The plaintiff's attendance at the house of the deceased, under the circumstances proved in this case, was a personal transaction between the plaintiff and the deceased, and was of the utmost significance.

The testimony of the plaintiff as to the communications and transactions between himself and the deceased was pertinent to the issue upon the trial in this case, and could have had no relevancy to any other aspect of it. Indeed, I am inclined to the opinion that it exceeded in weight and cogency upon the issues all the other evidence in the case, and hence it cannot be successfully maintained that the objectionable evidence did no harm or that there was sufficient evidence without it to justify an affirmance of the judgment. (*In re Eysaman*, 113 N. Y. 62.)

As these views require a reversal of the judgment, there is no occasion to consider the objections to the introduction of the memoranda of plaintiff's attendance at the house of the deceased *made* but not *remembered* or *verified* by himself, or the introduction of the will of the deceased as evidence in the case.

The judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.