Jacob Sallade, Respondent, v. Charles A. Gerlach, Impleaded, etc., Appellant.

In an action upon a promissory note indorsed by defendant G., he answered to the effect that he held the legal title to certain letters patent owned by H., in order to effect a sale thereof for H.; that he sold an interest therein to the maker of the note, which was given in part payment; that at the request of H. the note was made payable to and was indorsed by G., in order simply to show that he had properly discharged the trust, and that the note was afterwards wrongfully diverted by H. The latter died before the trial. Upon the trial G. as a witness in his own behalf, was asked how it happened that the note was made payable to his order. This was objected to and excluded as incompetent under the Code of Civil Procedure (§ 828). *Held*, no error.

*Denise* v. *Denise* (110 N. Y. 562), distinguished.

(Argued February 2, 1892; decided March 8, 1892.)

Appeal by defendant Gerlach from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 1, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was upon a promissory note, payable four months after date, for $1,250, made by the defendant Phillips to the order of the defendant Gerlach, and indorsed by the defendants Gerlach and Herdic, of which the plaintiff was the owner.

The answer of the defendant Gerlach is to the effect that he held the legal title to certain rights in letters patent owned by Herdic in order to effect the sale thereof for Herdic, and having sold the right to use the same in Buffalo to Phillips, Phillips gave this note in part payment thereof, and, at the request of Herdic, the note was made payable to the order of Gerlach, and indorsed by him in order to show that he had properly discharged his trust respecting it in favor of Herdic, and not for the purpose of becoming guarantor of the note, and that Herdic afterwards wrongfully diverted the note.

The following is the opinion in full:

"The only question presented by the appellant upon this appeal is with respect to the ruling of the trial judge in sus-

taining an objection taken under section 829, Code C. P., by the plaintiff to the question addressed to the defendant Gerlach upon his direct examination : ' How did it happen that the note was made payable to your order?' Defendant Gerlach had already testified, without objection, that he and one Briggs and Phillips had purchased of Herdic the joint right to use, for the city of Buffalo and adjacent towns, ' Herdic's Cab,' a patented invention, and that each was to pay for his share of the purchase $2,500 to Herdic and give him his indorsed note therefor. Herdic, Briggs, Phillips and Gerlach thereupon met at the latter's office, and each purchaser there executed and delivered to Herdic his note or notes, the note in suit being given by Phillips to Herdic. Herdic died before the trial. These facts appearing, the question above quoted was asked, and the objection thereto, under section 829, sustained. The appellant now insists that the question did not necessarily call for a personal transaction between the witness and the deceased.

" But it apparently did call for such a transaction ; the defendant was trying to establish a defense which, as stated in his answer, in part rested upon a request alleged to have been made by Herdic to the appellant to indorse this note for other purposes than to secure its payment. If the question did not call for a personal request or transaction, counsel did not assist the court by any intimation that such was not its purpose. In deciding upon this objection, the trial court had to decide the preliminary question of fact presented by the objection, namely, whether the question called for a personal transaction between the witness and the deceased, and had to make the decision upon the facts as they then appeared to be. We are now asked to reverse because it is possible that the preliminary fact was otherwise than as the trial court decided it to be.

" We must assume in this, as in other matters of alleged error, that the trial court was right, unless it is made to appear that it was wrong. *Denise* v. *Denise* (110 N. Y. 562) is cited. But that case is unlike this, because, as the court said, 'nothing was deducible from the mere question as to the person or transaction,' and it was, therefore, not improper to receive.

the answer and await a motion to strike it out, if the answer showed that the fact assumed by the objection really existed.

"The judgment should be affirmed, with costs."

*Esek Cowen* for appellant.

*George T. Wardwell* for respondent.

LANDON, J., reads for affirmance.
All concur, except HAIGHT, J., not sitting.
Judgment affirmed.