(8 Misc. Rep. 82.)

## McMILLAN v. STERN.

(City Court of New York, General Term. April 23, 1894.)

WITNESS—TRANSACTIONS WITH DECEDENT.

Error in admitting testimony of a party as to a transaction with a decedent is not cured where the other party testifies in rebuttal, but states that he was not present at the interview referred to, and could not testify in regard to it.

Appeal from trial term.

Action by Samuel McMillan against Simon Stern on a promissory note. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before NEWBURGER and CONLAN, JJ.

William G. McCrea, for appellant.
Guggenheimer & Untermyer, for respondent.

NEWBURGER, J.　This is an appeal from a judgment in favor of defendant.　This action was brought on a promissory note made by the defendant to the order of one Stevenson, and indorsed to the plaintiff, for value, before maturity.　The answer admits the execution of the note, but denies that the plaintiff was the bona fide holder for value, without notice of the defendant's equities.　The answer further alleges, by way of set-off, that prior to the making of the note he had entered into a contract of employment with Stevenson, the payee mentioned therein, according to the terms of which Stevenson, who was a brewer, covenanted to employ the defendant as salesman and collector in his brewery, the terms of which contract the said Stevenson violated by discharging him, and by reason of which breach the said Stevenson was indebted unto the defendant in an amount greater than the amount of the note.

On the trial, defendant was called on his own behalf, and was asked as to conversations between himself and Stevenson, then deceased, in reference to the note, which was objected to by plaintiff as being contrary to the provisions of section 829 of the Code, and to which exception was duly taken.　This evidence was incompetent, and the admission of it by the trial justice was error, as the testimony was inadmissible, under section 829 of the Code.　The respondent claims, however, that the error was cured when the plaintiff took the stand himself in rebuttal, and testified to the same transactions.　A careful examination of the printed case fails to disclose any such testimony.　While it is true that the plaintiff did testify in rebuttal, he positively states that he was not present at the interview referred to by the defendant, and therefore could not testify as to this transaction.　It is claimed by the learned counsel for the respondent that whatever error was committed was cured by the testimony of the plaintiff, and he cites the case of Trow v. Shannon, 8 Daly, 239.　In that case the deposition of the decedent, taken during her lifetime, was read in evidence, and the court properly held that this cured the defect.　But in the case at bar the testimony of the defendant as to conversations with the deceased assignor stands alone and uncontradicted; and no stronger argument need be advanced as to the error of the trial justice in its admission than to quote from the brief of the respondent's counsel the following quotation from Card v. Card, 39 N. Y. 317:

"The intention is that the surviving party to the transaction in issue shall not have the unfair advantage of giving his version of the matter, when the other and adverse party to the transaction is prevented by death from being heard to contradict or explain it."

The judgment appealed from must therefore be reversed, and a new trial ordered, with costs to the appellant, to abide the event.