(15 Misc. Rep. 287.)

### GERMAN-AMERICAN BANK v. SLADE et al.

(Superior Court of Buffalo, General Term. December 23, 1895.)

1. **WITNESS—TRANSACTIONS WITH DECEDENTS.**
   In an action on a note, testimony of defendant as to statements made to him by a deceased person, through whom plaintiff claims title, tending to establish payment of the note, is inadmissible, under Code Civ. Proc. § 829, excluding testimony of statements by or transactions with decedents.

2. **SAME—WAIVER OF OBJECTIONS.**
   A party does not waive his objection to the admission of evidence, incompetent because involving transactions with a decedent, by subsequently introducing evidence on the same subject-matter.

3. **EVIDENCE—DECLARATIONS OF THIRD PERSONS.**
   The mere declarations of a former holder of a note, tending to establish payment thereof, cannot be received to defeat the title of a subsequent owner.

Appeal from trial term.

Action by the German-American Bank against Emma Slade and another on a note. From a judgment for defendants, entered on the verdict of a jury, and from an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH, J.

Norton Bros., for plaintiff.

O. O. Cottle, for defendants.

HATCH, J. The action is one brought upon a promissory note. Defendants answered jointly, pleading nondelivery of the note to plaintiff for value, denying its ownership or interest therein, and alleging payment prior to the commencement of the action. By the terms of the note, Emma Slade, for value received, promised to pay William H. Slade $2,100; reciting that she was a married woman, and executed the note with a design, and upon the express understanding, that the consideration for which it was given was for the benefit of her separate estate, and making the same a charge upon her real and personal property. It appeared upon the trial that the note was delivered to William H. Slade, who indorsed the same, and delivered it to one Hale, who transferred it to Isaac H. Radford

for value. The latter, for value, indorsed and delivered it to Norton Bros., who indorsed and delivered it to plaintiff, and it credited Norton Bros., with its amount, less the discount, in their account. The note and the amount due thereon having been proved, plaintiff rested.

The defendants, to establish their defense, called as a witness William H. Slade, who testified, under objection, that the note was made, executed, indorsed, and delivered to Hale without consideration, and that the same was in fact made for his accommodation; that, some time after, Hale informed Slade that Radford held the note, and would take in payment for the same a certain house and lot, to which Slade agreed, and executed the deed to Frederick W. Radford, as grantee, and delivered the same to Hale. So far as the testimony relating to the consideration of the note is concerned, the objection was general, and no exception was taken to the ruling of the court, in consequence of which no question is presented. The other question arose in this wise:

"Q. What transpired in respect to that note after that,—he paid you nothing, nor anybody else? A. No, sir. A few days after the delivery of this note to Col. Hale, Hale came to me, and stated that Radford would take a deed of a certain house and lot on Milton street. By Mr. Cothran: We object to this. This man Hale is dead, and this witness cannot testify what he stated to him. By the Court: He can show the arrangement under which this note was made. I will take it, and give you an exception. (Mr. Cothran duly excepted.) A. In payment of the note,—of this note in question; and I accepted the proposition. By Mr. Cothran: We object to this. Mr. Radford was not present at all. By the Court: This is simply describing how this note got into circulation. He has a right to tell what the purpose of the issuing of this note was. (Mr. Cothran duly excepted.)"

This was followed by testimony to the effect that Hale informed Slade that he would give him the name of the grantee, and, within a day or two thereafter, requested that it be made to Frederick W. Radford, which was done. Defendants also showed that Frederick W. Radford had, prior to this time, executed a power of attorney to Isaac H. Radford, the holder of the note, empowering him to transact for Frederick his general business, including the conveyance of real estate, and that the premises were thereafter conveyed by Isaac, acting under the power of attorney, to one Lucas, who thereafter executed a mortgage upon the premises to Ernest W. Clement for $1,700. Of this sum, Isaac Radford received $1,200.

This was all the testimony tendered by defendants to show payment, and upon it the court submitted to the jury the question whether this transaction was had, and whether Radford took the deed as payment of the note,-and if so, as to him, it was paid, and the subsequent transfer was a wrongful negotiation of the note by Radford, and that the burden of proof was shifted to the plaintiff to show that it was a bona fide holder of the note for value and without notice of this infirmity. Exception was taken to this part of the charge, and the court was requested to charge that there was no evidence that Isaac H. Radford was privy to the agreement between Hale and Slade that the conveyance was in payment of the note; also, to charge that it was immaterial what the agreement was between

Hale and Slade, unless they found that Radford was privy to the agreement that the conveyance of the property was to be regarded as payment of the note. Both requests were refused, and exception was taken. Hale was dead before the trial was had.

I am unable to see how these rulings can be sustained. According to the record, the court admitted evidence of the agreement between Hale and Slade for the purpose of showing how the note got into circulation. But it had no such effect, was not offered for such purpose, and, as we have seen, was thereafter treated by the court as tending to establish payment of the note in Radford's hands. As to how the note got into circulation there was no dispute. It was delivered by Slade to Hale, to be used by him without restriction; and, at the time when it is testified that this agreement was made, the note was held by Radford for moneys advanced to Hale, and Slade knew that fact. The evidence was inadmissible, under section 829 of the Code of Civil Procedure.

The object of this rule is stated in one well-considered case, viz.:

"Where death has closed the lips of one party to a personal transaction or communication between him and another, which the deceased could obviously contradict or explain were he living, the other shall not be a witness to prove such transaction in an action against the representatives of the deceased." Price v. Price, 33 Hun, 69.

Van Vechten v. Van Vechten (Sup.) 20 N. Y. Supp. 140; Heyne v. Doerfler, 124 N. Y. 505, 26 N. E. 1044; McMillan v. Stern, 8 Misc. Rep. 82, 28 N. Y. Supp. 596.

It is clear that, if Hale were alive, he might contradict or explain the transaction, and it is quite possible that he might agree with Radford, who testifies that the conveyance was for another and entirely different purpose than the payment of this note. Hale was the person through whom plaintiff and intervening parties made title to the note, and consequently falls within the express provisions of the section. The fact that Radford testified upon the subject-matter to which Slade referred does not change the rule (Church v. Howard, 79 N. Y. 415; Lyon v. Ricker, 141 N. Y. 232, 36 N. E. 189); nor waive the objection (Worrall v. Parmelee, 1 N. Y. 519).

It is sought to sustain this ruling by invoking the familiar rule that communications made by an agent are admissible, even though the agent is dead. The difficulty with this position is that the proof fails to establish agency. There was not a syllable of proof that Hale was agent for Radford when the evidence was received. Hale's declaration could not be used to establish agency, and no inference can arise that he was such agent from the fact that the deed was to Frederick Radford, and that Isaac held a power of attorney from him, in the face of a denial from Isaac that Hale did not represent him, and that the transaction was of an entirely different character from the representations which Hale made to Slade, assuming they were made. Aside from this, the court expressly refused to charge that it was essential or necessary that there should have been any privity between Radford and Hale in order to uphold the agreement, thus excluding the idea that the transaction was made to depend upon the agency of Hale. It may be true

that, so far as the execution of the deed was concerned, it related to a transaction with Frederick W. Radford. The deed upon its face established that. But the execution of the deed was not the question which the objection was pointed at. That related to the consideration for the deed, and therein the statements of Hale affected the right, title, and interest of the holder of the note, who was a different person from the grantee in the deed, but was a person who made title to the note through Hale, and, in consequence, was protected by the statute. If, however, we could reconcile this testimony with the statute, the evidence was inadmissible for another reason.

In Benjamin v. Rogers, 126 N. Y. 71, 26 N. E. 970, it is said:

"The rule is unquestioned that the mere declarations of a prior holder of a chose in action cannot be given in evidence to affect the title or the rights of a subsequent holder and owner."

And this is the uniform rule. Brisbane v. Pratt, 4 Denio, 64; Stark v. Boswell, 6 Hill, 405; Bank v. McChesney, 20 N. Y. 240; Washburn v. Ramsdell, 17 Vt. 299; Dodge v. Trust Co., 93 U. S. 379.

Hale's statement as to what Radford would take, and surrender up the note, was a mere declaration, and hearsay; and until it was shown, by competent testimony, that Hale was authorized to speak for Radford, it could not be received to establish payment of the note or affect its validity in any form. With this evidence rejected, there remained no defense to the note as against the plaintiff. Giving full force to Slade's statement, and holding the evidence competent, that the note was delivered to Hale as accommodation paper, no defense was established. The note was in fact delivered to Hale without restriction as to use. Radford parted with value, and became a bona fide holder. The same is true of Norton Bros. The latter testifies that he transferred the note to the bank, and thereafter drew from his account $1,000 upon the strength of the discount, and in payment of a part consideration, by virtue of which he received it. The bank took possession, entered it upon its books, gave plaintiff credit in his account for its amount, less the discount, and produces the same upon the trial. In view of these facts, I do not think the evidence of Slade that the plaintiff's president and cashier said they held the note for collection can avail to defeat the action. The statement is denied by both persons, and Norton Bros. are estopped from denying that plaintiff is not the owner of the note. They had the right to transfer the note to the bank, and vest it with legal title for value or not, as they chose, and defendants could not complain. The parting with value by the bank was only essential to constitute it a bona fide holder, and thus shut out a consideration of the equities existing in defendants' favor. But when, as we have seen, no such equities existed, and no defense to the note was established, it left the plaintiff with right to enforce it. Sallade v. Gerlach (Sup.) 7 N. Y. Supp. 181, affirmed 132 N. Y. 548, 30 N. E. 372; Benedict v. Driggs, 34 Hun, 94.

The judgment should be reversed, and new trial ordered; costs to abide the event.