LEONOR VAN ETTEN TAYLOR, Respondent, v. WILLIAM J. WELSH, as Executor, etc., of ANN ELIZA STIMSON, Deceased, Appellant.

*Infant — when entitled to recover for her own services — promise to compensate by will — Statute of Limitations — personal transactions with a deceased person — materiality of evidence — Code of Civil Procedure, § 829.*

Where an infant sues for services rendered to a person, deceased at the time of the trial, and an important issue in the action is whether the services were to be paid for or were gratuitous, the plaintiff cannot testify that she attended the deceased in her lifetime, stayed with her at night, did errands for her and rendered many other menial services; such testimony is inadmissible under section 829 of the Code of Civil Procedure. Such evidence cannot be regarded as harmless because merely cumulative, as the fact that services of such a character were rendered is a circumstance worthy of consideration upon the question whether a promise was made to pay therefor.

The Statute of Limitations does not run against a claim during the life of a promisor who has made a promise that he will compensate his creditor by a provision to be contained in his last will and testament.

*Semble*, where an infant, with the assent of her father, performs services for a person upon a promise that she shall be compensated in such· person's will, that this constitutes a relinquishment by the father of all claim for such services, and that a legacy, given by the debtor as compensation for such services, would be the property of the infant.

APPEAL by the defendant, William J. Welsh, as executor, etc., of Ann Eliza Stimson, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 12th day of April, 1895, upon the report of a referee.

*W. J. Welsh*, for the appellant.

*Arthur More*, for the respondent.

MERWIN, J.:

On December 13, 1893, the defendant's testatrix died, being then about ninety years of age. In September, 1894, the plaintiff presented to the defendant a claim against the estate of the deceased in the sum of $320.45 for "services rendered for staying with her

from August 4, 1883, to Oct. 4, 1888, making five years and two
months at $1.25 per week........................... $335 45
" By cash.................................... 25 00
                                             _____
                                             $320 45"

The defendant doubted the justice of the claim, and thereupon,
by stipulation, with the approval of the surrogate, it was under the
statute referred.

In his report the referee finds that from August 4, 1883, to
October 4, 1888, the plaintiff attended upon the testatrix, " slept
with her nights, done errands for her, emptied ashes, brought in
coal, shoveled snow, done a great many things for her, all at her
request, and for which she said she would satisfy plaintiff in her
will ; " that the services so rendered were reasonably worth the sum
of one dollar and twenty-five cents per week ; that the plaintiff at
the time the services were rendered was an infant residing with and
supported by her father, and at the time she completed the services
was about eighteen years of age ; that " the father of this plaintiff,
upon the promise made by the said testatrix that she would satisfy
plaintiff for said services in her will, consented that the plaintiff
might perform such services, and such promise was made by the
testatrix direct to the father, and he makes no claim for such serv-
ices and never has made any claim for them ; " that the testatrix
made no provision for the plaintiff by her will ; that the testatrix at the
time of her death was indebted to the plaintiff in the sum of $310
for the services so rendered, and that the claim was not due till the
death ; that the payment of the claim was unreasonably resisted by
the defendant.

As matter of law the referee decided " that the father of said
plaintiff, by consenting that plaintiff might perform such services
and be compensated by the testatrix satisfying plaintiff therefor in
her will, in effect agreed that plaintiff was to have the pay for the
services so performed as aforesaid for her own use and benefit, and
he is estopped from ever claiming pay for said services himself ; "
that the plaintiff was entitled to recover the sum of $310 and the
costs of the action.

It is claimed by the defendant that the plaintiff is not entitled to
recover for the reason that at the time the services were rendered,

she was an infant, residing with and under the control of her father. We are, however, inclined to the opinion that if the services were performed under an arrangement between the deceased and the father or between the deceased and the plaintiff with the assent of the father, that the plaintiff should be compensated by the deceased in her will, this was in substance a relinquishment by the father of all claim for such services, and permitted the plaintiff, as far as that transaction was concerned, to work on her own account. The legacy, if one had been given, would have belonged to the plaintiff, and, if so, the debt for which the legacy was to be given should be considered as belonging to her also. (See *Stanley* v. *Nat. Un. Bank*, 115 N. Y. 134; *Kain* v. *Larkin*, 131 id. 313; *Shirley* v. *Bennett*, 6 Lans. 515; *Lind* v. *Sullestadt*, 21 Hun, 366; Schouler's Dom. Rel. [2d ed.] 346.) Whether the evidence in the case was sufficient to establish such an arrangement is not necessary here to be determined in view of our opinion on another feature of the case.

At the trial the plaintiff was called as a witness in her own behalf and was allowed to testify as follows, over the objection and exception of the defendant, properly taken that the evidence was inadmissible under section 829 of the Code of Civil Procedure: "Q. Did you attend upon her (the testatrix) in her lifetime and stay with her nights for a considerable time? * * * A. I did. Q. When did you commence? * * * A. August 4, 1883, and I left there on or about October 4, 1888. Q. What did you do there? * * * A. I stayed there with her nights, done errands, emptied ashes, brought in coal, shoveled snow and a great many things; * * * I did many errands for her about town."

This evidence involved transactions and communications between the plaintiff and the deceased, and very clearly it was within the prohibition of section 829. (*Campbell* v. *Hubbard*, 38 Hun, 306; *Heyne* v. *Doerfler*, 124 N. Y. 505, 510; *Ross* v. *Ross*, 6 Hun, 182.)

It is, however, urged by the plaintiff that without this evidence there is enough in the case to sustain the judgment. The referee, in his finding of the character and extent of the plaintiff's services evidently followed the testimony of the plaintiff. It not only had a material bearing on the question of the value of the services, but also as to the probability of the existence of an arrangement for compensation by will. It was a serious question in the case whether there

was any expectation of payment for the services except such as the testatrix might voluntarily choose to give. If the services were of the character and extent testified to by the plaintiff, it would be a circumstance worthy of some consideration on the subject of a promise to pay therefor. It should not be said that the evidence, above quoted, was harmless. The exception to the admission of this evidence is, we think, a good one, and calls for a new trial.

A point is made by the appellant as to the Statute of Limitations, but it is not claimed that that defense would be effective if there was an agreement to compensate by will. (*Quackenbush* v. *Ehle*, 5 Barb. 472.) The appellant also claims that the referee improperly found that the claim had been unreasonably resisted, and so awarded costs. There seems to be some plausibility at least to this contention, but it need not be considered now.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed and new trial ordered, costs to appellant to abide the event.