YATES v. ROOT.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

1. WITNESS—TRANSACTION WITH DECEDENT.
   Testimony of a claimant against an estate, as to the value of his services to decedent, is inadmissible, so far as it relates to services performed in the presence of decedent.

2. SAME—OPINION BASED ON OTHER EVIDENCE.
   On a claim against an estate for services rendered decedent, a question calling for claimant's opinion of the value of his services, "as appears by the evidence herein," is improper.

3. CLAIM FOR SERVICES TO DECEDENT—VALUE.
   A finding that "as manager, general overseer, his [claimant's] skill, experience, and good judgment were worth * * * $2 per day" to decedent, is erroneous, as not determining the actual value of the services.

Appeal from judgment on report of referee.

Claim by John L. Yates, as general assignee of Ogden C. Lowell, against John M. Root, as executor of the last will of H. George Root, deceased. From a judgment in favor of claimant, entered on report of a referee, the executor appeals. Reversed.

Defendant is the executor of H. George Root, deceased, and the claim was presented to him for the services of O. C. Lowell from October 1, 1892, to December 2, 1894, 333 days, at $2 per day, making a total of $732; and credited thereon was cash, $100. The claim also contained another item, to wit: "To board furnished woman and boy, $3.00. To services of wife, $2.00." The executor rejected the claim, and offered to refer, and the surrogate of Herkimer county approved of the referee named in the agreement of the parties. The referee found as a fact that H. George Root died on the 1st of December, 1893, leaving a last will, wherein he appointed John M. Root, his brother, as sole executor. The will was probated, and letters testamentary issued to the defendant. That the claim above mentioned was presented in 1894 to the executor, and that the same was disputed. The referee also found that Lowell performed work and rendered labor and services for the deceased, at his request, for which the deceased promised to pay. The services consisted principally in superintending improvements and repairs in the dwelling house of the deceased, on Columbia street, in Mohawk, "and in looking after the affairs of said deceased generally; in caring for his lawn, his garden, his flowers, fruits, etc.; in looking after his affairs and attending to his wants, he (the deceased) being an aged man. During the progress of the work of repairing and enlarging the said dwelling house, the said deceased was absent, in the state of Michigan, visiting his brother, and he left the entire management and direction of such improvements and repairs in the hands of said Lowell." The referee also found that the deceased frequently, "both orally and in writing," said "that he would see that said Lowell was 'adequately remunerated' for all his labors in his behalf." In the sixth finding of fact the referee says "that the services so rendered by said Lowell for said H. George Root, deceased, were reasonably worth the sum of $2 per day. I do not, however, find that the said Lowell actually worked ten hours per day during the period above mentioned, but that his services as manager, general overseer, his skill, experience, and good judgment, were worth to the said H. George Root the said sum of $2 per day; that said Root frequently expressed himself, both orally and in writing, as well pleased with what the said Lowell had done in his behalf, and with his conduct and management of his matters and affairs." The referee stated in his seventh finding, viz.: "That said Lowell worked and performed labor and rendered services for said H. George Root, deceased, for 321 days, during the period of time from October 1, 1892, to December 2, 1893. That said Lowell is entitled to recover herein, for the services mentioned in the foregoing seventh finding of fact, the sum of $642." He finds that $150 had been paid thereon, leaving a balance due him, on account of such services so rendered, of $492. The referee finds two other items amounting to $5. As a conclusion of law, he found that "the said claimant, Ogden C. Lowell, has a valid claim against the estate of said H. George Root, deceased, for the sum of $497, with interest thereon from August 9, 1894." Exceptions were filed to the referee's report.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

J. B. Rafter, for appellant.
W. H. Van Steenburgh, for respondent.

HARDIN, P. J. Upon a careful examination of the evidence, no definite proof is found of the exact number of days of service rendered by Lowell for the deceased. The only definite evidence as to the labor performed by Lowell is found in the testimony of Wainman, the carpenter who was engaged in repairing the deceased's building. He testified that he (the carpenter) commenced work for the deceased about the middle of October, 1892, and worked there until about March 25, 1893,—less some seven days. And he testifies, viz.: "I

do not think there was a day, during the whole time I was there, but what Mr. Lowell was there.    He was always working around at something."    The period of time covered by this witness does not exceed 138 secular days.    This witness was allowed to testify that Lowell's services "during that time were worth $2 per day, he boarding himself."    After some other evidence given as to the services rendered by Lowell for the deceased, in doing chores, and giving further and other attention to the business and affairs of the deceased, the plaintiff called Lowell as a witness; and thereupon several letters of the deceased, written to Lowell, were produced and read in evidence.    In the letters the deceased mentioned the services and attentions that had been received from Lowell.    Thereupon the following question was propounded to the witness Lowell: "What was the fair, reasonable value per day of the services so performed by you, as appears by the evidence herein, for H. G. Root"? This question was objected to "as improper, incompetent, and inadmissible; second, improper and inadmissible under section 829 of the Code of Civil Procedure, and tends to prove services by the witness for deceased, and to prove personal transactions between this witness and the deceased; third, no foundation has been laid, by showing this witness to have knowledge of all the evidence herein."    The objections were overruled, and an exception taken, and the witness was allowed to answer, "The value is $2 per day."    From the course of the evidence, it appears that Lowell was present with Root a portion of the time, when rendering some of the services embraced in the question.    As to such services the question called for a personal transaction, and was improper.    Holcomb v. Holcomb, 95 N. Y. 316; Fisher v. Verplanck, 17 Hun, 150.    In Taylor v. Welsh, 92 Hun, 272, 36 N. Y. Supp. 952, it was held that it was not proper to allow a plaintiff to testify that he did chores, errands, etc., for the deceased, and that the admission of such evidence was harmful error, which required a new trial to be ordered.    See, also, Heyne v. Doerfler, 124 N. Y. 508, 26 N. E. 1044.    The question propounded was improper in another respect.    It called for the opinion of the witness of the value of the services performed by him "as appears by the evidence herein."    It was not made clear that he knew and understood accurately all the evidence that had been given.    In Reynolds v. Robinson, 64 N. Y. 589, a similar question was condemned, and in that case it was said, "It is not the province of a witness to reconcile, or draw inferences from, the evidence of other witnesses, or to take such facts as he thinks their evidence has established, and thus form and express an opinion."    The doctrine of that case has been asserted in numerous other cases.    Guiterman v. Steamship Co., 83 N. Y. 358; Hagadorn v. Insurance Co., 22 Hun, 249; Ayres v. Water Commissioners, Id., 297.    We ought not to disregard the error in receiving an answer to the question propounded, as it does not clearly appear that no injury resulted from the error.    Brague v. Lord, 67 N. Y. 499; Taylor v. Welsh, 92 Hun, 272, 36 N. Y. Supp. 952.

The referee, in his report, says that the services rendered "as manager, general overseer, his skill, experience and good judgment, were worth to the said H. George Root the said sum of $2 per day."

Instead of finding the actual value of the services, the referee seems to have adopted an erroneous rule in measuring the value of the services of the witness. The rule for estimating the services should have been their actual value, and not such value as the services may have been supposed "to be worth to the defendant in the particular circumstances in which he was placed." Perrine v. Hotchkiss, 58 Barb. 77. This is a case which, according to numerous authorities, we should scrutinize, and the claim should be established by satisfactory evidence relating to the extent of the services and the value thereof. Kearney v. McKeon, 85 N. Y. 139; Rowland v. Howard, 75 Hun, 1, 26 N. Y. Supp. 1018; Forbes v. Chichester (Sup.) 8 N. Y. Supp. 747; Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583. In the latter case it was said, "The courts should see to it that such estates are fairly protected against unfounded and rapacious raids." See, also, Dorman v. Gannon, 38 N. Y. Supp. 659, decided by this court in April, 1896. The foregoing views lead to a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to abide the event. All concur.