(62 App. Div. 519.)

## STREET v. RANSOM.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

CONTRACT—EVIDENCE—CLAIM AGAINST DECEDENT'S ESTATE.

Plaintiff claimed that the estate of decedent was indebted to him for repairs on a dwelling of deceased's made by plaintiff, while living in the house, with the assent of deceased. Plaintiff's wife testified that deceased was present most of the time when the work was going on, and gave many directions as to it; but plaintiff gave no testimony as to any conversation with deceased from which a promise could be deduced. Plaintiff's wife had been raised in the family of deceased, and called her "Mother," and deceased lived with plaintiff. No account was kept of the expense of the repairs, and plaintiff regularly paid the rent, without de-

duction. *Held,* that a finding that plaintiff had a claim against the estate was unwarranted.

Appeal from trial term, Clinton county.

Action by J. Eugene Street against Henry B. Ransom, as executor, etc., of Charlotte W. Pearl. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

Shedden & Vert (C. J. Vert, of counsel), for appellant.
David H. Agnew, for respondent.

SMITH, J. The judgment herein was entered upon the report of a referee appointed pursuant to the statute upon the rejection of plaintiff's claim against the defendant estate. The finding of the referee is, in substance, that the plaintiff lived in the dwelling house of Charlotte W. Pearl, deceased, during all the time from 1897 to 1899, and that during such time he made repairs on said dwelling house and furnished material therefor of the value of $223; that the said Charlotte Pearl was present at the time the repairs were made, and gave directions as to the same. Upon these findings of fact he bases his conclusion of law that the plaintiff has a valid claim against the estate for said $223.

The only evidence connecting Mrs. Pearl in any way with these repairs is the evidence of the wife of the plaintiff. She swore, in substance, that while these repairs were being made Mrs. Pearl was there at the house most of the time; that she was present at some times, and saw the work being done. When asked if she gave any directions, the witness said:

"Yes, sir. She suggested things she wanted done. I cannot state the nature of the repairs, except the painting. I know Mr. Street did the painting, and furnished the material, and plastered, and did many things he has not put in the list, such as papering and fixing her room up,—things like that, to make her comfortable."

While the plaintiff is allowed to testify freely, without objection being made to any testimony under section 829 of the Code, he gives no testimony as to any conversation with the deceased in reference to the work, or as to any fact from which any promise, express or implied, could be deduced. On the other hand, it appears from the evidence that the plaintiff's wife had been brought up in the family of the deceased; that she called the deceased "Mother"; that during all the times these repairs were being made the plaintiff was renting the house upon which the repairs were made from the deceased, who was living with them. He swears himself that he never said a word to the deceased in reference to payment for these repairs, and he regularly paid the rent that was due during 1897, 1898, and 1899, without any deduction, or request for deduction, therefrom by reason of any services rendered or materials furnished. No account whatever was kept of the work or of the materials furnished, and no memorandum of the work or the materials furnished was made by the plaintiff during all these years, until after the

death of Mrs. Pearl. From all this testimony, to my mind the inference is irresistible that this work was done without expectation of any reward other than such as the deceased might choose to give to the plaintiff and his wife by her will. There was no express or implied promise to pay therefor, and the conclusion of the referee is wholly unwarranted by the evidence.

The judgment should therefore be reversed on the law and the facts, referee discharged, and a new trial granted, with costs to the appellant to abide the event of the action. All concur.