MEEHAN v. HEFFERNAN et al.

(Supreme Court, Appellate Division, Fourth Department. May 27, 1902.)

1. EVIDENCE—TRANSACTION WITH DECEASED PARTY.

In an action against an administrator for services rendered decedent, testimony by plaintiff as to the rendering of the services, their value, and of conversations had with deceased, was incompetent.

2. SERVICES RENDERED DECEASED PERSON—CLAIM AGAINST ESTATE—SUFFICIENCY OF EVIDENCE.

Plaintiff was 70 years of age, blind, and penniless, and made the grocery store of a sister-in-law a stopping place, voluntarily assisting her in various ways for six years, and never presenting any account for his services, or receiving any payment other than small articles occasionally given him from the store. After her death he claimed compensation for the services. Held to fall short of the convincing proof required to establish such claims.

Appeal from judgment on report of referee.

Action by Patrick Meehan against Thomas P. Heffernan and another, as administrator and administratrix c. t. a. of the estate of Mary Meehan, deceased. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Albert E. Nugent, for appellants.
Thomas A. Cummings, for respondent.

SPRING, J. The claimant's brother, who was the husband of the deceased, died in February, 1894. At the time of his death he was carrying on a small grocery store in the city of Dunkirk, which was taken charge of by his widow after the death of her husband. The claimant was then about 70 years of age, totally blind and penniless, and in fact was supported in part by the poor department of the city. He apparently made the store of deceased his stopping place, and was quite willing to assist his sister-in-law in carrying on the store, doing this voluntarily, and presenting no account for his services. He testified that during the six years he pretends to have been working for the decedent she never paid him a cent to apply on his alleged account, and he never presented any formal statement to her. The evidence shows that at times she let him have articles of small value from the store without charge, and the relations of these parties impress us quite strongly with the belief

that there was no expectation that any charge for these irregularly performed services was to be made. Claims of this character, arising after the death of a person, and with the relations existing which appear in this case, must be examined and scrutinized with great caution. Kearney v. McKeon, 85 N. Y. 136; In re Marcellus, 165 N. Y. 70, 78, 58 N. E. 796; Street v. Ransom, 62 App. Div. 519, 71 N. Y. Supp. 93. The claim in this case depends very largely upon the testimony of the claimant himself. He testified in detail to the services which he rendered, their value, and also narrated important conversations had with the decedent. This testimony was incompetent. Heyne v. Doerfler, 124 N. Y. 505, 26 N. E. 1044. Eliminating this evidence, there is left but little upon which any recovery may be supported, and it should be established by competent and convincing proof. Yates v. Root, 4 App. Div. 439, 38 N. Y. Supp. 663. The judgment should be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered before another referee, with costs to the appellant to abide the event. All concur.