## HARTIG v. HARTIG.

(Supreme Court, Appellate Division, Second Department.   November 10, 1911.)

APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—WITNESSES.

    In an action against the estate of a decedent for the value of services rendered to decedent, permitting plaintiff to testify as to services, contrary to Code Civ. Proc. § 829, was reversible error, notwithstanding the court stated that it disregarded his testimony, and outside of it found evidence to support the claim.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4158–4160; Dec. Dig. § 1048.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Clarence F. Hartig, by his guardian ad litem, against Henry J. Hartig, as executor of the estate of John C. Von Glahn, deceased. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

W. J. Lamey, for appellant.

John B. Quintin, for respondent.

WOODWARD, J. The plaintiff, an infant, brings this action against his father, as executor of the estate of John C. Von Glahn, deceased, to recover the value of alleged services rendered to the deceased during his last illness. The plaintiff appeared as a witness in his own behalf, and was permitted, over the objection and exception of defendant, to testify to his services for the decedent in substantially the same manner that was condemned in the case of Taylor v. Welsh, 92 Hun, 272, 36 N. Y. Supp. 952, and with this testimony in the case the learned court has found in favor of the plaintiff, giving him judgment in the sum of $252.

In an opinion handed down by the court it is stated that he disregarded the evidence of the plaintiff, and that outside of this testimony he finds evidence to support the claim; but this does not cure the error. The objection was seasonably and persistently raised by the defendant, and the evidence was admitted, and a subsequent witness testified to the value of the services, based in a measure upon the testimony of the plaintiff as to what he had done. This was a case coming within the requirement that:

"The courts should see to it that such estates are fairly protected against unfounded and rapacious raids." Matter of Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583.

See, also, Yates v. Root, 4 App. Div. 439, 443, 38 N. Y. Supp. 663, and authorities there cited.

And because incompetent testimony was received, contrary to the provisions of section 829 of the Code of Civil Procedure, the judgment should not be permitted to stand. We cannot know what influ-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ence this testimony had in determining the case, and, being forbidden by statute, it must be presumed to have prejudiced the rights of the defendant.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.

