## THIRD DEPARTMENT, FEBRUARY, 1931.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARMAND SCHMOLL, INC., Relator, v. M. FRANK LOUGHMAN and Others, Tax Commissioners, Constituting the State Tax Department of the State of New York, Respondents.— Withdrawn and settled.

ROLAND BROWN, Respondent, v. THE DELAWARE AND HUDSON COMPANY, Appellant.— Appeal from order denying motion to vacate judgment dismissed.

GERTRUDE KEADO, Respondent, v. S. S. KRESGE COMPANY, Appellant. JOHN KEADO, Respondent, v. S. S. KRESGE COMPANY, Appellant.— Judgment and order in action of Gertrude Keado v. S. S. Kresge Company unanimously affirmed, with costs. Judgment and order in action of John Keado v. S. S. Kresge Company reversed on the facts, and new trial granted, with costs to appellant to abide the event, on the ground that the verdict is excessive, unless the plaintiff stipulates to reduce the verdict to $384, in which event the judgment is so modified and as modified the judgment and order are affirmed, without costs. All concur, except Davis, J., who dissents and votes for affirmance, and Hill, J., who votes for result reached by the majority but assigns the error as one of law made in the court's charge as to the amount of damages which could be awarded.

OWEN V. MCAVOY, Appellant, v. DOROTHY A. CHESEBRO, Respondent. MARY A. MCAVOY, Appellant, v. DOROTHY A. CHESEBRO, Respondent.— Judgments and orders unanimously affirmed, with costs in one action.

ELIZABETH M. LLOYD, Respondent, v. HOY HORTON PORTER, Appellant.— Judgment and order affirmed, with costs. All concur, except Hill, J., who dissents and votes for a new trial for error in the charge on the subject of damages.

In the Matter of HARRY MANDERS, Deceased.— Decree reversed on the law and claim remitted to the surrogate for new trial, with costs to abide the event, payable out of the estate, on the ground of errors in the admission of evidence given by the claimant which was incompetent under section 347 of the Civil Practice Act and on the further ground that the proof of value of services by experts was based largely upon such incompetent testimony. (*Taylor* v. *Welsh*, 92 Hun, 272; *Hartig* v. *Hartig*, 147 App. Div. 6.) All concur, except Whitmyer and Hill, JJ., who dissent and vote for affirmance upon the ground that the error was harmless as the incompetent evidence was cumulative.

In the Matter of the Petition of CHARLES MANDERS, as Administrator, etc., of HARRY MANDERS, Late of the City of Rensselaer, Deceased, for an Order to Examine PEARL KELLY and Others, Pursuant to Section 205 of the Surrogate's Court Act.*— Order reversed, on the law and the facts, and proceeding dismissed, with costs to the appellant payable out of the estate. All concur, except Davis, J., who dissents and votes for affirmance. The court finds that Pearl Kelly is the owner of the diamond ring and the horseshoe stickpin, and is entitled to retain possession thereof.

MARTIN LITZENDORF, Respondent, v. HENRY J. MATHER and Another, Appellants, and Others, Defendants.— Interlocutory judgment unanimously affirmed, with costs.

---

* Amd. by Laws of 1924, chap. 100.— [REP.