■ MARGARET PETERS, Respondent, v GEORGE S. MORSE, as Executor of LYLE NELSON, Deceased, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 12, 1984 in Washington County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

The facts underlying this action are set forth in a prior decision of this court, which reversed so much of an order as dismissed plaintiff's first cause of action for the reasonable value of her services (96 AD2d 662). Plaintiff then moved for summary judgment on the issue of liability on this cause of action, and Special Term granted the motion and ordered the remaining issues, including the number of hours and value thereof, remitted to Trial Term. From this order, defendant now appeals.

Defendant first claims that partial summary judgment was improperly granted because plaintiff submitted evidence to support her motion which would be inadmissible at trial under CPLR 4519, the Dead Man's Statute. This statute prohibits, upon the trial of an action, a person interested in the matter from being examined as a witness in his own behalf or interest against the executor of a deceased person concerning a personal transaction or communication between the witness and the deceased person. The Court of Appeals has stated that "[e]mphatically, evidence excludable under the Dead Man's Statute should not be used to support summary judgment" (*Phillips v Kantor & Co.,* 31 NY2d 307, 313).

Plaintiff supported her motion for partial summary judgment with her affidavit, in which she attests that Lyle and Harriet Nelson promised her that she would be paid for the care she provided them. Such clearly runs afoul of the Dead Man's Statute and, accordingly, cannot be used to support plaintiff's motion for partial summary judgment (*Zibbon v Town of Cheektowaga,* 51 AD2d 448, 452, n 1, *appeal dismissed* 39 NY2d 1056).

There is other evidence, however, which does not violate the Dead Man's Statute and which does support plaintiff's motion. For example, the affidavits of Max E. Malay, a neighbor of the Nelsons, and Elizabeth Duell, Mrs. Nelson's sister, who are disinterested persons, state that plaintiff provided services to the Nelsons for which Mr. Nelson fully expected to compensate plaintiff. In view of this evidence, we conclude that any violation of the Dead Man's Statute was harmless and does not warrant reversal (*see, Turner v Danker,* 30 AD2d 564). In this regard, we reject defendant's reliance on *Hartig v Hartig* (147 App Div 6) for the proposition that a violation of the Dead Man's Statute requires reversal because of the unknown prejudice which can result. More recent, and in our view more enlightened, decisions make clear that a harmless error analysis is appropriate when considering violations of the Dead Man's Statute (*Turner v Danker, supra*).

Defendant next argues that partial summary judgment was improperly granted because plaintiff has exclusive knowledge of the facts underlying her motion. This contention is refuted by the fact that at least two other persons, Malay and Duell, were aware of the agreement between the Nelsons and plaintiff.

Defendant also argues that plaintiff failed to prove that she provided extensive services during the time period set forth in the amended verified complaint. Special Term recognized the existence of questions of fact concerning the number of hours of service provided by plaintiff by referring such issues to Trial Term. Defendant further claims that there is no proof that plaintiff expected to be compensated for any services she provided. Plaintiff's affidavit indicates that she expected to be compensated, and those portions of her affidavit detailing this fact are not barred from consideration by the Dead Man's Statute or otherwise. On this record, we conclude that affirmance is warranted.

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.